James **WRIGHT**, Plaintiff/Appellant,

v.

Michael **PARKS** and Stipe, Gossett, Stipe, Harper, Estes, McCune, and Parks, also known as Stipe Law Firm, a Partnership practicing law in the state of Oklahoma, Defendants/Appellees.

No. 87829.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 14, 1997.

Certiorari Denied March 25, 1997.

Michael D. Denton, Jr., Hiltgen & Brewer, Oklahoma City, for Plaintiff/Appellant.

Marthanda J. Beckworth, Walter D. Haskins, Nelson J. Christianson, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brittingham, Tulsa, for Defendants/Appellees.

## OPINION

BUETTNER, Judge:

Appellant James Wright (Wright) employed Appellee Michael Parks (Parks), then a partner in the Stipe Law Firm (firm), to file suit against the United States under the Federal Tort Claims Act. Parks filed suit in federal district court in Muskogee. After Parks dismissed the suit and later refiled it, the case was dismissed by the court because the statute of limitations had run. Wright then filed suit against Parks and the firm in Muskogee County district court, alleging legal malpractice.

Parks and the other partners named in the suit filed motions to dismiss alleging improper service, improper venue, and failure to state a claim. A hearing on these motions was held November 2, 1995. Wright failed to appear at the hearing and the motions to dismiss were granted. On November 13, 1995, Wright filed a motion to reconsider urging the court to vacate the orders dismissing his cause and to allow his case to proceed to trial. That motion was denied and Wright now appeals.

In their response to Wright's motion to reconsider, Parks and the other named members of the firm alleged that Wright had been neglectful of his case and had failed to appear at the hearing on their motions to dismiss, despite having notice. Parks and the members of the firm had argued, before the motions to dismiss were granted, that Wright had filed his response to the motions to dismiss later than fifteen days after the motions were filed, and that the motions were deemed confessed, pursuant to Rule 4(E), Rules of the District Courts.

Wright, on the other hand, argued he had been diligently attempting to secure counsel and that he thought, despite the fact he was proceeding *pro se* at the time, that a Muskogee attorney would appear at the hearing on the motion to dismiss.[1] Wright argued that the failure of the Muskogee attorney to appear constitutes unavoidable casualty or misfortune, an enumerated statutory ground for granting a motion to vacate. 12 O.S.1991 § 1031.

We review a trial court's decision to deny a motion to vacate to determine whether sound discretion was exercised upon sufficient cause shown to refuse to vacate or reconsider. *Schepp v. Hess,* 770 P.2d 34, 38 (Okla. 1989). An action may be dismissed by the court, without prejudice, when the plaintiff

---

1. Wright was proceeding *pro se,* but he was assisted by two attorneys in Virginia. Both of these attorneys and one legal intern filed affidavits alleging they were assisting Wright in securing counsel and that an unnamed Muskogee attorney had declined to represent Wright but had agreed to appear at the hearing on the motion to dismiss simply to request a continuance.

fails to appear or when the plaintiff has failed to obey an order of the court concerning the proceedings. 12 O.S.1991 § 683 (second) and (fifth).

As explained above, Wright failed to appear at the hearing on the motions to dismiss, despite the fact that he had proceeded *pro se* in the action until attempting to find counsel just prior to the hearing. In addition, Wright acknowledged he failed to respond to discovery requests and interrogatories until the case was dismissed by the court. Further, Wright responded to the motions to dismiss out of time. Rule 4(E), Rules of the District Court. Therefore, the motions to dismiss are deemed confessed.

However, the granting of the motions to dismiss, whether on the merits or for lack of response, is not a final order of dismissal. The district court failed to allow Wright the opportunity to amend his petition. 12 O.S. 1991 § 2012(G) provides "(O)n granting a motion to dismiss a claim for relief, the court *shall* grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed." (emphasis added). The Oklahoma Supreme Court has interpreted this statute as a mandatory duty placed on trial courts, as long as the defect can be remedied. *Kelly v. Abbott,* 781 P.2d 1188, 1190 (Okla.1989). Indeed, as noted in *Kelly,* the comments to section 2012(G) recommend that the court should allow amendment, rather than dismissal, unless is appears to a certainty that the plaintiff cannot state a claim. It is only when the plaintiff fails to amend within the time set by the court that the dismissal may ripen into a final judgment.

The order granting dismissal in the instant case does not indicate on which ground(s) it was based. Appellees sought dismissal on insufficient service of process, improper venue, and failure to state a claim. We first note the law firm was served properly. Service was made on Tony Edwards, who stated in his affidavit that he is a partner in the firm. Service of process on a partnership may be made on a partner. *Southard v. Oil Equipment Corporation,* 296 P.2d 780, 784 (Okla.1956). The firm also

argues that because two of the partners had died the partnership could no longer be sued. However, dissolution (triggered on the death of a partner among other things) does not terminate the partnership or obligations incurred by the partnership. 54 O.S.1991 §§ 230, 241. Insufficient service on the individual attorneys may be remedied.

Appellees' next argument for dismissal, improper venue, is not subject to remedy in the same district court if venue is in fact improper. However, despite the Appellees' arguments to the contrary, venue for unincorporated associations, such as partnerships, is the same as that provided for domestic corporations. 12 O.S.1991 § 182. Proper venue for actions against domestic corporations includes the county in which the cause of action arose. 12 O.S.1991 § 134. It appears that the instant cause of action "or some part thereof" arose in Muskogee County. Accordingly, venue for the action may lie in Muskogee County and Wright may be able to amend his petition to show that venue is proper there.

Finally, if the court granted the motions to dismiss for failure to state a claim, Wright must be given time in which to amend his petition to state a claim. It is not for this court to determine whether Wright has stated a claim for relief. Under section 2012(G), the trial court must allow Wright time to amend unless "it appears to a certainty that (Wright) cannot state a claim." Committee Comments, 12 O.S.1991 § 2012(G).

Just as in *Kelly,* because the Appellees would be the party benefitted by the limitation of time in which to file an amended petition, it was in the firm's interest to assure that a time was set according to statute. 781 P.2d at 1191. It appears that the defects claimed by Appellees may be corrected by amendment. Because the trial court failed to specify a time in which Wright could amend his petition, we reverse and remand. The trial court is directed to establish a time within which an amended petition should be filed. Only if Wright fails to amend within the time specified, may the dismissal of the

case become a final order. *Kelly,* 781 P.2d at 1191.

REVERSED and REMANDED.

JOPLIN, J., concurs.

HANSEN, P.J., dissents.

HANSEN, Presiding Judge, dissenting:

Wright urges six points of law as trial error in his petition in error. None of these issues raised the claim he should have been allowed to amend his petition in order to cure the defects. He makes no allegation in the petition in error that any defect could be remedied. Neither does the record reflect that he sought to amend his petition to cure a defect. The majority does not address any of the enumerated errors Wright alleges are reasons for setting aside the default judgment. In my view, *Kelly v. Abbott* does not preclude a plaintiff from appealing from a dismissal of his petition if he chooses not to amend. The majority is deciding this case on an issue not raised in this appeal. I therefore dissent.