1997 OK CIV APP 76

Samuel J. WILDER, Plaintiff/Appellant,

v.

**DEPARTMENT OF HUMAN SERVICES, Defendant/Appellee.**

No. 86679.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 28, 1997.

Samuel J. Wilder, Tulsa, Pro Se.

Peggy L. Beal, Department of Human Services, Oklahoma City, for Defendant/Appellee.

## OPINION

BUETTNER, Judge:

¶1 Appellant Samuel J. Wilder (Wilder) appeals from the trial court's denial of his motion to rehear an order which granted the Department of Human Service's (DHS) motion to dismiss. Because we find no abuse of the trial court's discretion, we affirm the denial of the motion for rehearing.

¶2 Wilder had sought Low Income Home Energy Assistance Payments (LIHEAP) from DHS. After an August 22, 1994 hearing, held pursuant to 56 O.S.1991 § 168(B), an administrative court denied LIHEAP payments to Wilder.[1] On August 25, 1994, Wilder filed a petition in district court seeking review of the denial of LIHEAP. According to Wilder's petition, DHS had approved $203 for LIHEAP and $200 for ECAP payments. Apparently DHS did not pay these amounts and Wilder's past due bill from Public Service Company of Oklahoma (PSO) was not paid. Also in his petition, Wilder alleged that the tape recording of the hearing would conflict with the hearing summary submitted by DHS.[2]

¶3 Wilder then filed an appeal to the Director of DHS on August 29, 1994. On September 19, 1994, DHS filed a motion to dismiss in district court arguing that Wilder had failed to exhaust his administrative remedies. DHS asserted that 56 O.S.Supp.1993 § 168 provides that Wilder had the option of appealing the denial of LIHEAP payments to the Director or to the district court, and that Wilder did both. DHS argued that, because an appeal to the Director was pending, Wilder had not exhausted his administrative remedies and that the district court did not have jurisdiction.[3] On October 12, 1994, the district court granted DHS' motion

---

1. The hearing decision explains that Wilder owed $321 to PSO for his past due utilities bill. DHS had earlier approved $100 in ECAP assistance. The decision explained that PSO would not accept the $100 payment because it would not completely satisfy Wilder's obligation and PSO therefore could not restore service to Wilder. The decision further explained that a case must have a feasible plan for restoring and maintaining service before a payment can be made. The decision also explained that Wilder could appeal the denial to the Director and that the appeal could be referred to the Oklahoma Commission on Human Services for review, or that Wilder could petition for judicial review of the decision in the district court.

2. 56 O.S.Supp.1993 § 168(B)(3) provides that oral proceedings shall be electronically recorded by DHS. That subsection also provides that any party may request a copy of the tape or a transcript of the tape of the administrative hearing.

3. 56 O.S.Supp.1994 § 168(C) provides that an aggrieved party may only appeal the Director's (*rather than the hearing officer's*) decisions to the district court. In other words, the option that was included in 56 O.S.1991 § 168(C), to appeal the hearing decision to the Director or the district court, was removed in the 1994 supplement. However, this change did not become effective until September 1, 1994, after Wilder filed his petition in the district court.

to dismiss and allowed Wilder 20 days in which to amend.[4]

¶4 Wilder filed a motion to amend petition October 21, 1994. In this motion to amend, Wilder requested that the court "review the petition filed on August 25, 1994 after Plaintiff received the Director's decision on October 19, 1994 upholding the decision of the appeals committee." Wilder argued he had now exhausted all of his administrative remedies since the Director sustained the hearing officer's denial of LIHEAP. For reasons not apparent in the record, Wilder filed the same motion to amend November 15, 1994. Wilder mailed the assigned judge a letter in which Wilder explained that he was having a difficult time filing motions because his documents were not reaching their destinations. Apparently, Wilder mailed his motion to amend to the court clerk, and it was file stamped October 20, 1994, within the 20 days he was given to amend. Another copy of the same motion to amend is in the record and is file stamped November 15, 1994. Also, a court order was entered November 15, 1994 stating that "the Court has received and filed Plaintiff's motion to amend petition."

¶5 On January 10, 1995, DHS filed a second motion to dismiss Wilder's petition. DHS argued that Wilder did not file an amended petition within 20 days of the October 12, 1994 dismissal and only filed a motion to amend November 15, 1994. DHS therefore argued Wilder had failed to file an amended petition within the twenty days provided in the order. The trial court granted DHS' second motion to dismiss January 23, 1995.

¶6 On January 30, 1995, Wilder filed a "motion to dismiss Judge David L. Peterson for conflict of interest." Wilder alleged that Judge Peterson had conspired with attorney R. Kenneth King to "defraud (Wilder) of his property." Wilder further alleged that King had conspired with DHS to "drive (Wilder)

from his home" by not accepting LIHEAP payments on behalf of Wilder. Nothing in the record indicates this motion was ever ruled on.

¶7 On March 15, 1995, the journal entry, from the October 12, 1994 grant of DHS' first motion to dismiss, was filed. The journal entry included the court's order that Wilder had 20 days to amend his petition. On March 21, 1995, Wilder filed another motion to amend petition.[5] In the motion, Wilder again asserted that he had exhausted all of his administrative remedies following the Director's October 19, 1994 decision to deny his LIHEAP benefits. Wilder further requested in the motion that the court order DHS to make the LIHEAP payments. On April 25, 1995, Wilder's motion to amend his petition was denied. The journal entry provided that after the dismissal, Wilder no longer had a case pending in which to file his motion to amend because he failed to file an amended petition within the time provided for in the original dismissal.

¶8 Wilder filed a pleading that was titled Petition for Rehearing and Brief in Support October 24, 1995. However, in substance the pleading was a petition to vacate the dismissal order because Wilder cited 12 O.S.1991 §§ 1031 (Fourth) and 1038 that a judgment may be vacated for fraud within two years. For this reason, we will denominate and treat the pleading as a petition to vacate. Wilder also stated in his petition to vacate that his motion to dismiss Judge Peterson was never ruled on. The petition to vacate finally asked the court to rehear his original petition. Wilder did not allege what constituted fraud in his case.

¶9 On November 27, 1995, the trial court denied Wilder's petition to vacate. DHS argues this case should be dismissed because there is no appealable order. How-

---

4. 12 O.S.1991 § 2012(G) states: "On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed." *Also see Kelly v. Abbott,* 1989 OK 124, 781 P.2d 1188, 1190.

5. It is evident that Wilder was attempting to satisfy the deficiency in his original petition in this motion and the one originally filed October 20 and November 15, 1994.

ever, the denial of the petition to vacate is an appealable order.[6]

¶10 The trial court, in denying the petition to vacate, ruled that the case was no longer pending at the time of Wilder's March 21, 1995 motion to amend. This was because the final order of dismissal was filed March 19, 1995. At the time of the first dismissal, Wilder was given time in which to amend. DHS filed its second dismissal motion, alleging that Wilder failed to timely file an amended petition. Although Wilder timely filed a motion to amend, it is true he never filed an amended petition in the district court. After the time for amendment passed, and the court granted the second dismissal motion, the case was no longer pending. 12 O.S.1991 § 2012(G); *Kelly v. Abbott, supra,* at 1191 (an interlocutory dismissal may ripen into a final judgment upon motion of adverse party if pleading not amended within time set by court.) At that time, Wilder's proper remedy was to file a petition in error with the Supreme Court, rather than filing another motion to amend a no longer pending case. *Wright v. Parks,* 1997 OK CIV APP 15, 939 P.2d 20, 22, 12 O.S.1991 § 953; 12 O.S.1991 Ch. 15 App. rules 1.20 and 1.21(a).

¶11 Section 1031 provides that:

"The district court shall have the power to vacate ... its own judgments or orders within the times prescribed hereafter:

\* \* \*

Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order."

Wilder is correct that under § 1038, a party has two years in which to file a petition to vacate an order under § 1031 (Fourth). Proceedings to vacate an order under § 1031 (Fourth) "shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it ..." 12 O.S.1991 § 1033. Wilder failed to comply with these procedural requirements.

¶12 In his petition to vacate, Wilder asserts only that the trial court did not rule on his motion to dismiss the judge for conflict of interest. A petition to vacate an order under § 1031 is left to the trial court's discretion. *Gearhart Industries, Inc. v. Grayfox Operating Co.,* 1992 OK CIV APP 44, 829 P.2d 1005. The court's failure to rule on Wilder's conflict of interest motion, without evidence of an infirmity in the final order of dismissal filed March 16, 1995, is not sufficient to convince this Court that the trial court abused its discretion in denying his petition to vacate.

¶13 While the Oklahoma Constitution guarantees Wilder a trial not tainted by personal bias of the trial court, Wilder was required to show that the trial court harbored prejudice against him which materially affected his rights and the record must show that Wilder was prejudiced by the court's actions. *Bryan v. State,* 935 P.2d 338 (Okla. Crim.1997). Wilder has not included any such evidence in the record on appeal. Finally, the trial court's failure to rule on Wilder's motion to dismiss the judge for conflict of interest does not establish fraud on the part of the prevailing party, DHS, as required for relief under 12 O.S.1991 § 1031 (Fourth).

¶14 For these reasons, the order of the district court is AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.

---

6. See 12 O.S.1991 § 952(a): "The Supreme Court may reverse, vacate or modify any of the following orders of the district court, ...

2. (a)n order that ... vacates or refuses to vacate a final judgment."