2000 OK CIV APP 90

**Marsha Michelle EAVES, now Huffman, Plaintiff/Appellee,**

v.

**Joe Don EAVES, Defendant/Appellant.**

No. 93,735.

Court of Civil Appeals of Oklahoma, Division No. 2.

June 20, 2000.

Warren Gotcher, Gotcher & Belote, McAlester, Oklahoma, for appellant.

Thomas Hadley, Stamper, Hadley & Reasor, Antlers, Oklahoma, for appellee.

## MEMORANDUM OPINION

RAPP, Presiding Judge:

¶1 The trial court defendant, Joe Don Eaves ("Eaves"), appeals the order dismissing his motion to modify the divorce decree entered in a divorce action between him and the trial court plaintiff, Marsha Michelle Eaves, now Huffman ("Huffman"), his former wife.[1]

---

1. Huffman raised failure to state a claim and other affirmative defenses by motion. The more reasonable interpretation of the trial court's ruling is that the trial court dismissed the action for failure to state a claim because grounding dismissal on other defense grounds would be tantamount to summary judgment and summary judgment procedures were not employed below.

## I. *Background*

¶ 2 Huffman sued Eaves for divorce in August 1994. Both parties were represented by their own attorney. At that time, Huffman was pregnant, but the parties had no other children. The petition asked that she be awarded custody of the child after it was born with visitation rights in favor of Eaves.

¶ 3 While the case was pending, the parties entered into a written agreement in which Eaves affirmatively surrendered his parental rights. The agreement was dated October 7, 1994. The agreement was detailed and comprehensive in its recitals about his parental rights, the legal effect of surrender of those rights, and the voluntariness of his act in surrendering those rights. Both parties were represented by counsel in connection with the agreement. Both parties signed the agreement and their signatures were under acknowledgment. Their respective attorneys also signed the agreement.

¶ 4 A divorce decree was entered on October 7, 1994. This decree recited that both parties were present in person, and with their respective counsel, and that a settlement had been reached. The decree, in pertinent parts, then found and ordered that Huffman would have total care and custody of the child when born and that it "would be in the best interest of the minor child that the rights of the father he terminated...." The decree mentioned that the parties had the above agreement and directed that the agreement be made a part of the decree. The pertinent decretal provision of the decree stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff be given total care and custody of the minor child after it is born and the rights of the father are hereby terminated.

The decree was signed "APPROVED" by the parties and their respective attorneys.

¶ 5 The child was born and then, almost five years later, on July 16, 1999, Eaves filed a motion to modify the decree seeking visitation. Eaves also asked that child support be set according to the child support guidelines and he tendered back child support in the amount that might be determined to be owed.

¶ 6 Eaves amended his motion, in light of Huffman's motion to dismiss; however, he did not raise a new ground for modification. A motion to vacate the challenged portion of the decree was coupled with the amended motion to modify. The motion to vacate alleged that: (1) the divorce decree was void because it granted relief, i.e ., termination, not requested in the petition; (2) the court did not have authority to adjudicate with respect to an unborn child; (3) the agreement was not acknowledged in the manner required by statute; and, (4) the court must make provision for child support. The relief claimed then was to declare the decree void and to determine child support and visitation.

¶ 7 Huffman replied and reasserted her motion to dismiss for failure to state a claim. In addition, her pleading raised a number of affirmative defenses ranging from *res adjudicata* to laches. The trial court entered an order that sustained her motion to dismiss. Eaves has appealed.

## II. *The Appeal Must Be Dismissed*

¶ 8 The essential nature of Eaves' action is a claim to set aside a divorce decree premised on an allegation that the decree is void. The statute provides that such challenge shall be by motion. 12 O.S.1991, § 1038. The request for adjudication of child support and visitation is ancillary to the effort to set aside the decree and both adjudications must come only after the decree terminating the parental rights is set aside.

This case has been filed as an accelerated appeal, however, the parties' briefs have been filed in this appeal. Okla.Sup.Ct.R. 1.36, 12 O.S.Supp. 1999, c. 15, app., governs appeals from orders dismissing an action for failure to state a claim. The appellate record here is the same as a Rule 1.36 appellate record with the exception of the filed briefs. Okla.Sup.Ct.R. 1.36(g), 12 O.S.Supp.1999, c. 15, app., directs that review will be confined to the record and that briefs, unless permitted, are not allowed. The appellate record does not indicate that briefs have been authorized. Thus, this Court will not consider the briefs as part of the appellate record.

¶9 Huffman enumerated twelve reasons why Eaves' action should be dismissed.[2] However, under all of the circumstances of the record, this Court views the order granting the motion to dismiss as a dismissal for failure to state a claim pursuant to 12 O.S. 1991, § 2012(B).

¶10 Thus, the posture of the case here is that a motion to dismiss (for failure to state a claim) a motion to vacate was sustained. The threshold question, and one that affects the jurisdiction of this Court, is whether Oklahoma procedures provide for a motion to dismiss *a motion, as opposed to a pleading,* on failure to state a claim grounds, and, if not, whether the order of dismissal entered here may serve as an appealable order. This Court holds that Oklahoma procedure neither recognizes nor provides for a motion to dismiss (for failure to state a claim) another motion. Hence, the order entered here is void and it does not constitute a final order.[3]

¶11 Historically, a motion was defined as "an application for an order, addressed to the court, or a judge in vacation, or by any party to a suit or proceeding, or one interested therein, or affected thereby." *Welch v. Simmons,* 1942 OK 181, 126 P.2d 89, 93. This definition has been incorporated into the Pleading Code. 12 O.S.1991, § 2007(B).

¶12 Also historically, a motion is not a pleading. *Welch v. Simmons,* 1942 OK 181, 126 P.2d 89, 93; *see Landrum v. State,* 1953 OK CR ——, 96 Okla.Crim. 356, 255 P.2d 525, 528. For example, a motion to vacate a judgment is not a pleading. *Mannah v. Robinson,* 1948 OK 2, 188 P.2d 360. In *Mannah* a garnishee moved to set aside a judgment against it. The Court had to decide whether the trial court was confined to the allegations in the motion or whether the trial court could entertain evidence outside the specific allegations. The Court ruled that the trial court was not confined to the facts alleged because the motion was not a pleading. *Id.* at 362.

¶13 Again, the Pleading Code continues the distinction. "Pleadings" are limited to petitions and answers, including counterclaim and third party actions. 12 O.S.1991, § 2007(A); *DeBoer v. Village of Oak Park,* 90 F.Supp.2d 922, 923 (N.D.Ill.1999). The contents of "pleadings" are specified in the Pleading Code. 12 O.S.1991, §§ 2008–12, 2015. The Pleading Code directs that defenses be set forth in a pleading but does permit some defensive matters to be urged by motion. 12 O.S.1991, § 2012(B).

¶14 It follows, therefore, that the dismissal order here is, on its face, an adjudication of a motion unrecognized in Oklahoma procedures. *See Equal Employment Opportunity Commission v. Admiral Maintenance Service, L.P.,* 174 F.R.D. 643, 646 (N.D.Ill.1997); *Morroni v. Gunderson,* 169 F.R.D. 168 (M.D.Fla.1996); *Manchester Manufacturing Acquisitions, Inc. v. Sears, Roebuck & Co. .,* 909 F.Supp. 47, 55 (D.N.H.1995); *Weiss v. PPG Industries,* 148 F.R.D. 289 (M.D.Fla. 1993), all holding that a motion to strike a motion is not proper under Federal Rules of Procedure because motions to strike relate to pleadings and a motion is not a pleading. The Oklahoma Pleading Code also directs that motions to strike are related to pleadings. 12 O.S.1991, § 2012(D).

---

2. As noted above, Huffman's allegations range from statute of limitations to *res judicata*. All of these additional allegations are affirmative defenses under 12 O.S.1991, § 2008(C). The parties did not employ summary judgment procedures as a means to resolve the issues. Huffman also presented a counterclaim asking that Eaves' parental rights be terminated if, in fact, the divorce decree failed to do so. This Court expresses no opinion as to the merits of any of the defenses or the counterclaim.

3. If Eaves' action could be construed as a petition to vacate the judgment then 12 O.S.1991, § 2012(G) also comes into play. Under Section 2012(G), the trial court is obligated to permit an amendment if the defect may be remedied. 12 O.S.1991, § 2012(G); *Brown v. Founders Bank and Trust Co.,* 1994 OK 130, 890 P.2d 855; *Kelly v. Abbott,* 1989 OK 124, 781 P.2d 1188; *Wright v. Parks,* 1997 OK CIV APP 15, 939 P.2d 20. The granting of a motion to dismiss is an interlocutory order and does not have the same effect as a final judgment. The order may ripen into a final judgment upon motion of the adverse party in the absence of an amendment. *Kelly v. Abbott,* 1989 OK 124, 781 P.2d 1188. Hence, the outcome would be the same and dismissal of the appeal would be required.

¶15 Here, the trial court has entered an order premised upon a procedure unrecognized in the Pleading Code, that is a motion to dismiss a motion on the ground that the motion does not state a claim. The order is thus of no legal effect and cannot serve as a final order from which an appeal may be taken.

¶16 Moreover, the trial court did not specify a ground, or grounds, for its dismissal order.[4] This Court observes that the policy underlying the Pleading Code is to afford a party every opportunity to cure a defect in a pleading. *Brown v. Founders Bank and Trust Co.*, 1994 OK 130, 890 P.2d 855, n. 9. The purpose of such policy is to afford parties every opportunity to have a hearing on the merits of their claims. Similarly, motions should not be summarily denied without an opportunity to correct defects if, in fact, the defects may be remedied.

¶17 Therefore, because the trial court entered an order premised upon a procedure not recognized, the order had no legal effect and does not serve as a basis for appeal. This appeal is premature.

¶18 The appeal is DISMISSED and the case is REMANDED to the trial court for further proceedings consistent herewith. DISMISSED AND REMANDED.

¶19 TAYLOR, J., and COLBERT J., concur.

---

4. Most of the contentions raised by Huffman are dependent upon factual determinations for their adjudication. Even if this Court were to consider that the trial court has adjudicated Eaves' motion to vacate on the merits, in the absence of an articulated reason, or reasons, for the ruling, including evidence relating to the fact-dependent contentions, this Court cannot review the decision. The trial court is the proper forum for the initial determination of factual and legal issues. *Bivins v. State ex rel. Oklahoma Memorial Hospital,* 1996 OK 5, ¶19, 917 P.2d 456, 464.