2006 OK CIV APP 17

Steven W. ROWE, Plaintiff/Appellant,

v.

HCA HEALTH SERVICES OF OKLA-
HOMA, INC., d/b/a OU Medical Cen-
ter, Defendant/Appellee.

No. 101,238.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Sept. 20, 2005.

Certiorari Denied Jan. 30, 2006.

762

Gary C. Bachman, Bryan G. Garrett, Holloway, Dobson & Bachman, Oklahoma City, OK, for Appellant.

Leslie C. Weeks, Mark E. Hardin, Charles H. Moody, Jr., Rodolf & Todd, Tulsa, OK, for Appellee.

Opinion by JERRY L. GOODMAN, Presiding Judge.

¶1 Plaintiff Steven W. Rowe (Patient) appeals from the trial court's August 24, 2004, order dismissing his claim, without prejudice, against defendant HCA Health Services of Oklahoma, Inc., d/b/a OU Medical Center (Hospital). The issue on appeal is whether the trial court correctly dismissed Patient's suit because of Patient's failure to include a medical expert's affidavit, pursuant to 63 O.S. Supp.2004, § 1–1708.1E. The appeal was assigned to the accelerated docket pursuant to

Oklahoma Supreme Court Rule 1.36(a)(2), 12 O.S.2001, ch. 15, app. 1. Based on our review of the record and applicable law, we reverse and remand for further proceedings.

## FACTS

¶ 2 Patient sued Hospital on theories of premises liability, negligent supervision, unsafe equipment, recklessness, and nursing negligence. The petition alleged that he was a patient at Hospital's OU Medical Center, where he was hospitalized for a vascular compromise in his left leg. On April 8, 2002, a nurse instructed Patient to take a shower. He entered the shower unassisted by the nurse and sat on the installed shower seat. The shower seat collapsed, resulting in a purported permanent injury to his heel. Later, during treatment for the heel injury, Patient was given an excessive dosage of heparin by a nurse.

¶ 3 The case was originally filed on January 7, 2003; however, Patient subsequently dismissed it without prejudice on January 22, 2004. On March 12, 2004, less than two months later, Patient re-filed his petition, and filed an amended petition on March 16, 2004, less than one month before the two-year statute of limitations expired.

¶ 4 Hospital filed a motion to dismiss, alleging Patient failed to comply with provisions of the "Affordable Access to Health Care Act," 63 O.S. Supp.2004, §§ 1–1708.1A through 1–1708.11, and that Hospital was improperly served. Hospital alleged that Patient did not serve Hospital a summons and petition, but rather sent a "courtesy copy" of the re-filed petition to Hospital's attorney. A hearing was scheduled for May 14, 2004.

¶ 5 Patient responded to the motion to dismiss on April 27, 2004, by filing an application for an extension of time to submit the affidavit required by 63 O.S. Supp.2004, § 1–1708.1E. Patient further responded by alleging the "courtesy copy" was not intended to be actual service and thus service could not be defective, as it never took place. The trial court found Patient showed good cause for the request for the extension, approved Patient's application in an order filed April 30,

2004, and gave him five days to submit the affidavit. Patient filed the affidavit on May 3, 2004.

¶ 6 On May 4, 2004, Hospital filed a motion to vacate the order granting Patient additional time to submit his affidavit. The trial court, upon its review of all the pleadings, briefs, and other materials, now came to a different conclusion than that made earlier, and held Patient failed to show good cause for an extension of time to file the affidavit, though the order does not reflect the reasons for this conclusion. Additionally, the trial court found Patient failed to furnish an affidavit from a qualified expert pursuant to § 1–1708.1E. The trial court then granted Hospital's motion to vacate its April 30 order granting Patient additional time to submit an affidavit from a qualified expert. The trial court subsequently granted Hospital's motion to dismiss in an order filed August 24, 2004. Patient now appeals. We reverse and remand for further proceedings.[1]

## STANDARD OF REVIEW

¶ 7 On granting a motion to dismiss, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed. 12 O.S.2001, § 2012(G). When a district court grants a motion to dismiss for failure to state a claim, it must grant the plaintiff leave to file an amended petition if the defect can be remedied. *Kelly v. Abbott*, 1989 OK 124, ¶ 6, 781 P.2d 1188, 1190. The district court has a duty to specify the time within which the plaintiff must file the amended petition. *Id.* at ¶ 10, 781 P.2d at 1191. If the district court does not prescribe a time, the defendant who obtained the dismissal has the responsibility to move the court to set a time. *Id.* The district court may refuse to allow a plaintiff leave to amend only if "it appears to a certainty that the plaintiff cannot state a claim." *Id.* at ¶ 6, 781 P.2d at 1190 (quoting the committee comment to § 2012). No such finding was made by the trial court.

¶ 8 Further, a motion to dismiss pursuant to 12 O.S.2001, § 2012(B)(6) is con-

---

1. Patient's November 18, 2004, motion to submit appellate briefs is denied.

verted to one for summary judgment when materials outside the pleadings are presented to and not excluded by the court. *Washington v. State ex rel. Dept. of Corrections,* 1996 OK 139, 915 P.2d 359. Upon conversion to a proceeding for summary judgment, the burden changes and the movant must demonstrate there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law. *Shaffer v. Jeffery,* 1996 OK 47, 915 P.2d 910. Review of a summary judgment is de novo. *Vance v. Federal Nat. Mortg. Ass'n,* 1999 OK 73, 988 P.2d 1275; *Gabler v. Holder and Smith, Inc.,* 2000 OK CIV APP 107, ¶ 10, 11 P.3d 1269, 1273.

¶ 9 Under the facts set out above, we conclude the trial court initially erred when it granted the motion to dismiss without allowing Patient time to correct his defective pleading, as required by 12 O.S.2001, § 2012(G). Though the trial court's April 30 order permitting an extension of time was correct, it erred when it vacated that order on May 28, 2004. We further hold that because of the voluminous evidentiary materials attached to the motion to dismiss and the replies thereto, that Hospital's motion to dismiss was converted to one for summary judgment. For the reasons set out below, we conclude Hospital failed to show, as a matter of law, that it was entitled to summary judgment. Therefore, under either standard of review, we hold the trial court erred in dismissing Patient's claim.

¶ 10 Even though we conclude the trial court erred on procedural grounds when it did not permit Patient an opportunity to amend his pleading, in the interest of judicial economy, we will address the substantive issues raised below, as they are likely to arise again.

## STATEMENT OF ISSUES

¶ 11 Should Patient's petition be dismissed because it initially failed to comply with 63 O.S. Supp.2004, § 1–1708.1E? Should Patient's petition be dismissed due to improper service? Did Patient fail to obtain a qualified medical expert required by 63 O.S. Supp. 2004, § 1–1708.1E? We answer each in the negative and hold the trial erred in dismiss-

ing Patient's premises liability and nursing negligence claims.

## ANALYSIS

### Additional Time to File

¶ 12 Effective July 1, 2003, after Patient's cause of action arose and prior to the filing of the second suit, the Affordable Access to Health Care Act (Act), 63 O.S. Supp. 2004, §§ 1–1708.1A through 1–1708.11, was amended. Hospital first contends Patient's petition must be dismissed because it fails to comply with 63 O.S. Supp.2004, § 1–1708.1E. That section provides in relevant part:

A. 1. In any medical liability action, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit attesting that:

a. the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,

b. the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the expert's determination that, based upon a review of the available medical records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the health care provider against whom the action is brought constituted professional negligence, and

c. on the basis of the qualified expert's review and consultation, the plaintiff has concluded that the claim is meritorious and based on good cause.

2. If a medical liability action is filed:

a. without an affidavit being attached to the petition, as required in paragraph 1 of this subsection, and

b. no extension of time is subsequently granted by the court, pursuant to subsection B of this section, the court shall, upon motion of the defendant, dismiss the action without prejudice to its re-filing.

B. 1. The court may, upon application of the plaintiff for good cause shown, grant the plaintiff an extension of time, not ex-

ceeding ninety (90) days after the date the petition is filed, except for good cause shown, to file in the action an affidavit attesting that the plaintiff has obtained a written opinion from a qualified expert as described in paragraph 1 of subsection A of this section.

¶ 13 Title 63 O.S. Supp.2004, § 1–1708.1E(B)(1), leaves to the court's discretion the decision whether or not to grant a plaintiff an extension of time to file an affidavit attesting that the plaintiff has obtained a written opinion from a qualified expert which supports the claim. The trial court, after reviewing Patient's application for additional time to file an affidavit, found Patient showed good cause to support his request and therefore granted the application. The trial court's decision was not only within its statutory discretion, but the trial court's approval also adhered to the requirement, as well as the underlying policy, of the Oklahoma pleading code. The committee comment to 12 O.S.2001, § 2012, provides in relevant part:

> The policy of the Oklahoma Pleading Code of deciding cases on the basis of the substantive rights involved rather than technicalities requires a plaintiff to be given every opportunity to cure a formal defect in his pleading.

¶ 14 Nevertheless, only eighteen days after finding good cause to grant an extension of time, the trial court granted Hospital's motion to vacate its order permitting Patient to file the affidavit. This time, the trial court, without stating any reasons why, found Patient failed to show good cause to warrant a time extension. Additionally, the court held that § 1–1708.1E required Patient to obtain an affidavit from a qualified expert, which he failed to furnish. We disagree with both conclusions.

¶ 15 In our review of the record, Hospital fails to point out any substantial evidence that persuades this court that Patient failed to show good cause for the granting of an extension of time. The record fails to indicate any event or condition that occurred between April 30, 2004, when the order granting the extension to file an affidavit was filed, and May 17, 2004, when the trial court vacated its April 30 order, which warranted such a change by the trial court. As stated above, the policy of the Oklahoma pleading code is to resolve disputes based on the merits rather than on mere technicalities. Further, in considering a motion to dismiss, a trial court is required to grant additional time to permit a litigant to correct any defects in a petition. 12 O.S.2001, § 2012(G). Dismissing Patient's entire claim because he neglected to attach an expert's affidavit, under the facts before us, fails to address the case on its merits and is contrary to the policies set out in the Oklahoma pleading code. We therefore hold the trial court erred in its conclusion that no good cause existed to merit affording Patient an additional five days in which to file his affidavit.

### No Attached Affidavit

¶ 16 Hospital next contends that a § 1–1708.1E affidavit was not attached to the second suit, filed March 12, 2004, a date after the effective date of the Act. Hospital contends no good cause was shown why such an affidavit was not attached, and therefore dismissal is required.

¶ 17 While we agree with Hospital that the Act requires Patient to file the affidavit, we hold the trial court abused its discretion when it dismissed the suit for that reason. Pursuant to § 1–1708.1E(A)(2), the trial court is required to dismiss a plaintiff's petition if it does not contain the affidavit. However, dismissal can only occur when two events take place: that a petition is filed without an affidavit (§ 1–1708.1E(A)(2)(a)) and no extension of time is granted by the trial court to file the affidavit (§ 1–1708.1E(A)(2)(b)). Section 1–1708.1E(B)(1) gives the court discretion to grant an extension of time of up to ninety days, if not longer, to file the affidavit. Failure to file the affidavit after such an extension of time is granted is grounds for dismissal.

¶ 18 Such is not the case here. The trial court initially found good cause to grant an extension of time of five days in which to file the affidavit, though it did not state what it determined to be good cause. Patient complied with this order—and with the Act—by filing an affidavit within the specified time.

Therefore, the trial court had no basis to dismiss pursuant to § 1–1708.1E(A)(2). The trial court's subsequent decision not to grant an extension of time, besides being an abuse of discretion, does not change the fact that Patient filed the affidavit in a timely fashion pursuant to the then-existing order.

¶ 19 Hospital contends Patient's affidavit was insufficient in that the registered nurse who executed the affidavit in support of Patient's claim for damages stemming from the heparin overdose was not a "qualified expert" as that term is defined in 63 O.S. Supp.2004, § 1–1708.1C(6). We must infer that the trial court agreed with this argument because it later dismissed Patient's suit, presumably on the basis of one or more of Hospital's arguments.

¶ 20 Again, we reverse. Patient's cause of action against Hospital centers on two theories of recovery: premises liability and improper administration of an IV containing heparin. As to Patient's premises liability theory, we hold a § 1–1708.1E affidavit was unnecessary and not a prerequisite to prosecuting Patient's theory against Hospital.

### Inadequate Affidavit (Premises Liability)

¶ 21 An affidavit is only necessary pursuant to a "Medical Liability Action" (§ 1–1708.1D(A)). A "Medical Liability Action" is defined as an action against a health care professional "based on professional negligence" (§ 1–1708.1C(3)). Patient's theory is that he, as a business invitee of Hospital, was placed in a shower containing a defective seat, and that Hospital was aware of that defect yet did not protect him from it. In short, the property owner was allegedly on notice of a danger on its premises, and failed to protect a business invitee from that danger. That is a classic premises liability action, not a medical negligence action. The mere fact the property owner in this case is a hospital, and its employees who directed Patient to take a shower with the allegedly defective seat are nurses, does not automatically convert a premises liability case into one for professional negligence. Patient will have to prove his theory of recovery for premises liability just as any other business invitee would pursue an action against a

landlord. We see nothing in these statutes to suggest that the legislature intended an affidavit be required before pursuing such a claim. The trial court clearly erred when it dismissed Patient's claim based on premises liability.

### Adequacy of Expert's Affidavit (Nursing Negligence)

¶ 22 We now address the issue of whether the affidavit of a nurse satisfies the qualified expert requirement of § 1–1708.1E. Our review of the record shows that Mrs. Lisa Hudson (Nurse Hudson) is a registered nurse in the State of Oklahoma. The record also indicates Nurse Hudson is recognized as a medical expert in several courts in the State of Oklahoma. Nurse Hudson, as a registered nurse, is qualified to testify regarding adequate nursing procedure. Her affidavit contains statements assessing Hospital's nursing procedure. Patient's theory of recovery alleges violation of nursing standards and nursing duty of care. He does not allege any physician's negligence; therefore, we hold that nurse Hudson satisfies the qualified expert requirement. Accordingly, if the trial court's reason for dismissing Patient's petition was the inadequacy of the affidavit, this is not a basis for dismissal.

### Improper Service

¶ 23 Hospital argues it was improperly served and that the case must therefore be dismissed because it was not formally served with a summons and petition when Patient refiled his suit two months after dismissing it. The Supreme Court of Oklahoma, in *Heirshberg v. Slater,* 1992 OK 84, 833 P.2d 269, addressed the issue of proper service with the same parties in a new trial regarding the same legal issues. Like the case at bar, the issue in *Heirshberg* was whether summons must be served upon the party or whether summons could be "accomplished ... by notice to the attorney of record in the original cause." *Id.* at ¶ 1, 833 P.2d at 271 (citing *Richardson v. Davis,* 1968 OK 30, 439 P.2d 949). The *Heirshberg* court found notice by service of summons was accomplished by service to the attorney of record for the defendant in the original action.

*Id.* at ¶ 5, 833 P.2d at 272. The *Heirshberg* court reasoned that although no summons was issued, the attorney of record in that case was "mailed a copy of the petition for new trial, and he responded with a motion to dismiss." *Id.* Therefore, the *Heirshberg* court held notice was sufficient.

¶ 24 "When it is alleged that there was want of strict compliance with statutory requirements for service, the court must in every case determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice." *Shamblin v. Beasley,* 1998 OK 88, ¶ 12, 967 P.2d 1200, 1209 (citing *Luster v. Bank of Chelsea,* 1986 OK 74, 730 P.2d 506). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

¶ 25 In the case at bar, Patient re-filed the same case, in the same court, against the same party, which was represented by the same counsel involved in the original lawsuit. As in *Heirshberg,* Hospital responded to the "courtesy copy" of the petition by seeking affirmative relief, first by filing a motion to dismiss, and later by filing a motion to vacate the trial court's earlier order granting an extension of time. We conclude that the principle set out in *Heirshberg* is applicable to the facts in this case, that Hospital was accorded sufficient notice, and Hospital has not suffered prejudice by the type of service effected upon it.

¶ 26 Hospital's timely filing of a motion to dismiss Patient's petition supports the fact Hospital was afforded a fair opportunity to present its objections and thus did not suffer an infringement of due process right of notice. *Shamblin* at ¶ 12, 967 P.2d at 1209. Therefore, in this case "a want of strict compliance with statutory requirements for service," *id.,* does not warrant a total dismissal of Patient's case.

## CONCLUSION

¶ 27 We hold the trial court erred in dismissing Patient's suit for the reasons set out above. We hold Patient's affidavit in support of his allegation of nursing negligence, filed pursuant to the trial court's April 30 order, was adequate to bring Patient into compliance with 63 O.S. Supp.2004, § 1–1708.1E. Further, we hold, under the facts of this case, that service was effected on Hospital and that no expert's affidavit is necessary when the theory of recovery is one for premises liability against a hospital. We reverse and remand for further proceedings.

¶ 28 REVERSED AND REMANDED.

RAPP, V.C.J. and STUBBLEFIELD, J., concur.