2015 OK 61

**STOCKBRIDGE ENERGY, LLC, Plaintiff/Appellant,**

v.

**Jim TAYLOR, John Groninger, Jr., Taylor Drilling Corp., and David Bomberger, Defendants/Appellees.**

No. 110,816.

Supreme Court of Oklahoma.

Oct. 6, 2015.

Randy Lewin, Richards & Connor, Tulsa, Oklahoma, for Plaintiff/Appellant.

Gene P. Dennison, Tulsa, Oklahoma, for Defendants/Appellees, James Taylor and John Groninger.

Gina Carrigan–St. Clair, Carrigan Law Office, Tulsa, Oklahoma, for Defendants/Appellees, David Bomberger and Taylor Drilling Corp.

WINCHESTER, J.

¶1 Plaintiff, Stockbridge Energy, LLC ("Stockbridge"), brought suit against Jim Taylor, John Groninger, Jr., and Taylor Drilling Corp. on April 20, 2003, alleging, among other things, a breach of the parties' partnership and agreement for oil and gas lease development in Osage County. Specifically, Stockbridge alleged the defendants failed to account for the profits and losses of the partnership, failed to transfer property according to the parties' agreement, engaged in "secret transactions," and misappropriated profits due the partnership. Individual defendants, Jim Taylor and John Groninger, Jr., specially appeared and moved to dismiss for failure to state a claim on the grounds that the petition showed no individual liability on their part and that the theory of "piercing the corporate veil" was not viable under the facts as pled. Stockbridge did not respond to the motion of the individual defendants and, on August 17, 2004, an order was filed wherein the trial court granted the unopposed motions to dismiss. There was no discussion regarding any amendment of the petition nor did the trial court's order of dismissal set forth a time to allow any amendments.

¶2 More than four years after the order granting the motions to dismiss, Stockbridge filed a motion seeking to amend its petition to add Taylor and Groninger back in as individual defendants. Over the objections of

the defendants, the trial court[1] granted leave to amend by no later than May 20, 2009. Stockbridge filed an amended petition renaming Taylor and Groninger,[2] and also added a new defendant, David Bomberger.[3]

¶3 In the amended petition, Stockbridge repeated many of the previous allegations and added veil-piercing and joint venture theories which sought to hold Taylor and Groninger personally liable. Taylor and Groninger filed summary judgment motions which the trial court granted on June 1, 2012. The court held that the individual claims against Taylor and Groninger failed "due to the prior unopposed and unqualified dismissals" and that the claim of piercing the corporate veil was unsupported. Stockbridge appealed and the Court of Civil Appeals reversed.

¶4 The Court of Civil Appeals agreed with the trial court that the initial petition was defective and "failed to show any direct personal dealings between the individuals and Stockbridge and failed to allege sufficient facts to support a veil-piercing theory of liability." Nevertheless, the Court of Civil Appeals found the defects "correctable" and that the trial court's order should have set forth a time frame for amendment of the petition as required by § 2012(G), which provides:

> On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect. In such cases amendment shall be made by the

party in default within a time specified by the court for filing an amended pleading. Within the time allowed by the court for filing an amended pleading, a plaintiff may voluntarily dismiss the action without prejudice.

12 O.S.2011, § 2012(G).[4] As argued by Stockbridge, the Court of Civil Appeals found that despite the many years that had passed since the trial court's dismissal, the matter remained viable against the individuals since the dismissal was a "non-final, interlocutory order, awaiting amendment or dismissal within a time prescribed by the trial court." The Court of Civil Appeals ruled that the trial court erred in dismissing the claims against Taylor and Groninger and remanded the action for further proceedings. We previously granted certiorari.

### DISCUSSION

¶5 Stockbridge, and the Court of Civil Appeals' opinion, rely heavily on the decision of *Kelly v. Abbott*, 1989 OK 124, 781 P.2d 1188. In *Kelly*, the defendant filed a motion to dismiss on the ground that the plaintiff lacked the capacity to sue. The trial court granted the motion and dismissed the case but did not specify a time by which the petition must be amended. Eighty days later, the plaintiff filed an amended petition adding back the defendant, which the trial court entertained. The *Kelly* Court found no error was committed by the trial court in allowing the plaintiff to proceed on the amended petition pursuant to 12 O.S. § 2012(G), but questioned whether the eighty day period within which the plaintiff waited to file the amended petition was too late.

1. The trial judge who entered the 2004 order in this case was retired at the time of the request to amend the petition in 2009.

2. Groninger argued that he should be dismissed, among other reasons, because Stockbridge failed to timely name him in the amended petition. Stockbridge followed up the First Amended Petition with a Second Amended Petition, without leave of court and after the original time to amend deadline imposed by the court. Regardless, Stockbridge did include Groninger by name everywhere in the First Amended Petition except the opening paragraph.

3. Stockbridge also added a claim against David Bomberger for failure to transfer a lease interest that Stockbridge claimed it was owed. The trial court's dismissal of the claim against Bomberger was affirmed by COCA and not challenged in the Petition for Certiorari. The claims against TDC are not at issue on appeal.

4. At all times relevant to this case, the pertinent provisions of 12 O.S. § 2012(G) have remained the same.

*Kelly v. Abbott,* 1989 OK 124, ¶ 8, 781 P.2d 1188, 1190.

¶ 6 Section 2012(G) does not provide for a specified time in which the trial court must allow the plaintiff to amend the petition. The *Kelly* Court reasoned then that the trial court must allow for a "reasonable time" within which to allow an amended pleading to be filed. *Kelly v. Abbott,* 1989 OK 124, ¶ 10, 781 P.2d 1188, 1190. The Court found the trial court's allowance of amendment after eleven weeks and three days to be proper. *Kelly v. Abbott,* 1989 OK 124, ¶ 11, 781 P.2d 1188, 1190.

¶ 7 As pointed out by the defendants, Taylor and Groninger, the *Kelly* case is distinguishable from the present case for several reasons, the most significant being the sheer amount of time (more than four years in this case) that has passed between dismissal and amendment. Further, in *Kelly,* there was no concern over the applicable statutes of limitation or the savings clause, 12 O.S.2011, § 100,[5] as exists here. Because the plaintiff in *Kelly* filed the amendment and summons well within the one-year grace period granted by the savings clause, the result in that case likely would have been the same whether the court had dismissed the claim without prejudice or dismissed it with leave to amend.

 ¶ 8 We find that the "reasonable time" contemplated by the Court in *Kelly,* would not include a time longer than the one-year savings clause period, 12 O.S. § 100, or that of the remaining applicable statute of limitations, whichever is longer. Here, Stockbridge's amendment of the petition more than four years after the initial dismissal exceeds the one-year savings clause as well as the statutes of limitation applicable to the claims in question, the largest of which would have been three years.[6] There is no question that the petition was defective as evidenced by the trial court's ruling. It is not the duty of the defendant to preserve the plaintiff's claims, rather, it is the plaintiff's obligation to timely amend pleadings and comply with court rulings. Accordingly, we reverse the opinion of the Court of Civil Appeals, finding the trial court appropriately dismissed the claims against the individual defendants, Taylor and Groninger.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS REVERSED AND VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.

ALL JUSTICES CONCUR.

---

5. 12 O.S.2011, § 100 provides: "If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

6. According to the individual defendants, for claims involving fraud, constructive fraud, breach of fiduciary duty and negligence, the limitations period is two years while for the claims relating to declaratory relief as to the joint venture, dissolution, and accounting arising out of verbal agreements, the relevant period is three years. See 12 O.S.2011, § 95(A)(2)–(A)(3).