## BAKER v. TRADERS & GENERAL INS. CO.

### No. 4459.

United States Court of Appeals, Tenth Circuit.

Oct. 22, 1952.

Clayton B. Pierce, Oklahoma City, Okl. (John R. Couch and James W. Shepherd, Jr., Oklahoma City, Okl., on the brief), for appellant.

George E. Fisher, Oklahoma City, Okl. (James E. Grigsby, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, H U X M A N and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Two pickup trucks were involved in a traffic accident in Oklahoma. The accident occurred in the intersection of two country roads, one running east and west and the other north and south. R. B. Baker owned one of the trucks and was driving it along the road running east and west, proceeding west. Clark Brothers Well Servicing Company owned the other truck and it was going along the road running north and south, headed north. Anvil O'Bryant and L. R. Butler, employees of the Clark Company were in the truck; O'Bryant was driving; and Butler was a passenger. The trucks collided in the intersection; Butler was injured; and in a proceeding before the In- dustrial Commission of Oklahoma he received an award under the Workmen's Compensation Act of the state. Traders & General Insurance Company, the insurance carrier of the Clark Company under the Workmen's Compensation Act, paid to Butler the amount due under the award. The insurance company then filed this action against Baker to recover the amount paid to Butler. It was alleged in the complaint that negligence on the part of Baker was the proximate cause of the accident and result- ing injury; and that the insurance company was subrogated to the rights of Butler against Baker to the extent of the amount paid. Among other defenses, Baker plead- ed contributory negligence on the part of the Clark Company, acting by and through O'Bryant, in the operation of its truck. The court struck that defense. The cause was tried to the court without a jury. The court found among other things that both Baker and O'Bryant were negligent in the opera- tion of the trucks driven by them, respec- tively; that the concurring negligence of the two was the proximate cause of the in- jury which Butler sustained; and that But- ler was not guilty of contributory negli- gence. Specifically in respect to the negli- gence of Baker, the court further found that the truck driven by O'Bryant reached and entered the intersection before the one driv- en by Baker did; and that Baker did not yield the right of way, but kept going. The court concluded that the insurance company was subrogated to the rights of Butler against Baker to the extent of the amount paid to Butler. Judgment was rendered for the insurance company, and Baker appealed.

■ The judgment is challenged on the ground that there was no proof of pri- mary negligence on the part of Baker in the operation of his truck which proximately caused the accident and resulting injury to Butler. It is argued that Baker approached the intersection on O'Bryant's right; that Baker had the right of way; and that he neither did nor failed to do anything which constituted negligence. It is unnecssary to review the evidence in detail. It presented conflicts. But facts and circumstances were shown at the trial which indicated clearly that the truck driven by O'Bryant was trav-

eling at a reasonable rate of speed; that it reached and entered the intersection an appreciable length of time before the truck driven by Baker reached and entered it; and that Baker failed to reduce the speed of his truck in time to yield the right of way and thus avoid the collision. It is the law in Oklahoma that where two vehicles approach an intersection at right angles at approximately the same time, the one approaching from the left shall pause and permit the one approaching from the right to pass the intersection first, but if the vehicle approaching from the left reaches the intersection an appreciable length of time ahead of the one approaching from the right, it has the right of way and failure of the one approaching from the right to pause and permit it to pass the intersection first constitutes negligence. Stroud v. Tompkins, 193 Okl. 483, 145 P.2d 396; Snowden v. Matthews, 10 Cir., 160 F.2d 130. Since the truck driven by O'Bryant while traveling at a reasonable rate of speed reached the intersection an appreciable length of time before the one driven by Baker reached it, the failure of Baker to reduce his speed in time to yield the right of way and avoid the collision constituted negligence. Stroud v. Tompkins, supra; Snowden v. Matthews, supra.

 The action of the court in striking from the answer the plea of contributory negligence on the part of Clark Brothers Well Servicing Company is challenged. The argument is that the right of action of the insurance company, if any, was by way of subrogation of the right of its insured—the Clark Company; that if the Clark Company had paid the award to Butler and then instituted the action against Baker, contributory negligence could have been pleaded as a defense, based upon O'Bryant's negligent operation of the truck; that the insurance company had no greater right to be indemnified or reimbursed for its outlay than the Clark Company would have had upon its payment of the award; and that therefore the plea of contributory negligence was well founded. To sustain the contention, strong reliance is placed upon Staples v. Central Surety & Insurance Co., 10 Cir., 62 F.2d 650. The facts in that case were fairly comparable to those presented here, and it was held that the insurance carrier was subrogated to the rights of the insured employer. But there is no present need to explore that question. Whatever other rights an insurance carrier in Oklahoma may have by way of subrogation or otherwise under circumstances like those presented here, it is subrogated to the claim of the injured workman against an outside tortfeasor whose negligence was responsible for the injuries suffered by the workman and may maintain an action against the tortfeasor. Stinchcomb v. Dodson, 190 Okl. 643, 126 P. 2d 257; Cf. DeShazer v. National Biscuit Co., 196 Okl. 458, 165 P.2d 816. This insurance carrier paid the award to the injured workman and asserted its right of subrogation under him. If Butler had sued Baker, contributory negligence on the part of the Clark Company would not have been a defense. And since the insurance carrier stepped into the shoes of Butler in respect to the claim against Baker, contributory negligence of the employer pleaded in the answer was no defense to the cause of action alleged in the complaint.

The judgment is affirmed.