Marcus BERRY, Appellant,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY and Joe Brown
Company, Inc., Appellees.

No. 53632.

Supreme Court of Oklahoma.

Sept. 22, 1981.

C. Rabon Martin, Martin & Silva, Tulsa, for appellant.

Gibbon, Gladd, Taylor, Smith, Hickman, P.A. by John A. Gladd and Brad Smith, Tulsa, for appellee.

DOOLIN, Justice:

Today we are requested to either overrule or modify *Laubach v. Morgan.*[1] We are posed the following questions: (1) Did the State Legislature in effect overrule *Laubach* when it established a right of contribution among tort-feasors in 12 O.S.Supp. 1979 § 832? (2) Should the several liability rule apply to a pure, or faultless, plaintiff?

I

Plaintiff was a passenger in a city-owned garbage truck which was involved in a traffic accident with another vehicle. Plaintiff sued the driver of the other vehicle (Driver

---

1. 588 P.2d 1071 (Okl.1980); also see "Judicial Elimination of Joint and Several Liability Because of Comparative Negligence—A Puzzling Choice" by William J. McNichols, 32 Oklahoma Law Review, p. 1 (1979); "Multiple Party Litigation under Comparative Negligence in Oklahoma—*Laubach v. Morgan,*" 13 Tulsa Law Review 266.

2), that driver's employer and that employer's insurance company. After *Laubach* was announced, shortly before trial, the insurance company impleaded as third party the driver of plaintiff's garbage truck (Driver 1) and the City of Tulsa even though plaintiff's cause of action against his fellow employee and employer was barred by reason of the Workers' Compensation statute.[2] The jury found Driver 1 70% negligent and Driver 2 30% negligent, and fixed total damages to plaintiff at $17,500.00. The trial court, apparently looking to *Laubach* as a guide, reduced plaintiff's damage award by 70% or $12,250.00, awarding plaintiff $5,250.00. Plaintiff accepted the $5,250.00 and appeals for the remainder.

## II

Plaintiff argues that *Laubach's* holding of several liability applies only to comparative negligence cases, e. g. when *plaintiff* is not free of negligence but in fact bears some of the liability for the injury sued upon. That being the case, *Laubach* should not apply to him because he was without fault.

He finds support in our recent case of *Boyles v. Oklahoma Natural Gas Co.*, 619 P.2d 613 (Okl.1980), in which we held that "*Laubach* does not apply to tort litigation in which the injured party is not a negligent co-actor."

Driver 2 distinguishes *Boyles* by noting that the plaintiff was not alleged to have been negligent, while in the case at bar the defendants alleged plaintiff was negligent in not warning the Driver 1 of the approaching danger.

We find such distinction irrelevant to the issue and hold that *Boyles* does indeed control the outcome of this appeal:

**2.** 85 O.S.Supp.1978 § 44(a).

**3.** § 832: Joint tort-feasors—Contribution—Indemnity—Exemptions—Release, covenant not to sue, etc.—A. When two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them except as provided in this section.

"The *common-law negligence liability* concept may be described as 'all or nothing' to the plaintiff. If he be blame-free 'all' is due him; if he be at fault, however slightly, 'nothing is his due.' The *statutory comparative negligence approach* allows the victim at fault to secure some, but not all, of his damages. The *raison d'etre* and rationale of comparative negligence are tied, hand-and-foot, to the narrow parameters of a blameworthy plaintiff's claim. We hold that neither the rationale nor the holding of *Laubach* applied to that class of negligence litigation in which the plaintiff is not one among several negligent co-actors." (Citations omitted). 619 P.2d 616.

■ Oklahoma's Comparative negligence statute (23 O.S.Supp.1979 § 13) has no application. Driver 2 as a joint tort-feasor is responsible for *all* injuries derived from his negligence as found by the jury. *Merryweather v. Nixon*, 8 TR 186, 101 Eng.Reprint 1337 (1799); *Cain v. Quannah Light & Ice Co.*, 131 Okl. 25, 267 P. 641 (1928) and *Best v. Yerkes*, 247 Iowa 800, 77 N.W.2d 23, 60 A.L.R.2d 1354 (1956).

## III

Plaintiff asks us to hold that the State Legislature effectively overruled *Laubach* when it enacted the rule of contribution among tort-feasors in 1980, 12 O.S.Supp. 1980 § 832.[3]

"Contribution" under the new statute would occur *only* when a tort-feasor "has paid more than his pro rata share of the common liability ...," section 832(B). Here the plaintiff has been found by the jury to be 0% negligent, therefore there is no liability of plaintiff to either driver.

B. The right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tort-feasor is compelled to make contribution beyond his own pro rata share of the entire liability.

C. ...

There is no need to remand for new trial. The trial judge, after adversary hearing, found there was no evidence of negligence on behalf of the plaintiff; there is no record on appeal to indicate otherwise. In fact the designation of the record fails to include or demand any evidence or transcript of the proceedings. There can be no need for reduction of plaintiff's award as detailed in *Laubach.* Even a leading critic of the *Laubach* decision concedes this point.[4]

Further, section 832 does not *mandate* joint and several liability in comparative negligence cases; it simply provides for contribution among tort-feasors in cases "when two or more persons become jointly or severally liable in tort for the same injury . . . ."[5] We found in *Laubach* that several liability is dictated by the comparative negligence statute; we find nothing in section 832, or in this case, to reverse the theory of *Laubach,* several liability.

### IV

As a peripheral side issue the question is raised as to whether plaintiff may accept part of a judgment and appeal the remainder.

The general rule was stated in *Marshall v. Marshall,* 364 P.2d 891 (Okl.1961):

"It is conceded that the general rule is, that a litigant who has voluntarily and with knowledge of all material facts, accepted the benefits of an order, decree or judgment of a court, cannot thereafter take or prosecute an appeal to reverse it. However, there is an exception to this general rule where the reversal of that part of the judgment appealed from cannot possibly affect the appellant's rights to the benefits secured or vested under that part of the judgment which was allowed to become final."

*Marshall* cites as authority for the exception in *In re Fife's Estate,* 154 Okl. 7, 6 P.2d 821; *In re Reid's Estate,* Okl., 294 P.2d 544. *Marshall* has been followed in *Gifford v. Lawton,* 453 P.2d 1010 (Okl.1969). We hold

plaintiff clearly fell within the exception of *Marshall, supra.*

### CONCLUSION

 We hold plaintiff, as a pure or blameless plaintiff, may collect his entire judgment from Driver No. 2, under the holding of *Boyles v. Oklahoma Natural Gas, supra.* We note this case was not available to the trial court when the decision was made that resulted in this appeal

REVERSED AND REMANDED WITH DIRECTIONS to enter judgment for plaintiff against defendant Empire Indemnity Insurance Company and Joe Brown Company, Inc. in the amount of $17,500.00 plus costs.

BARNES, V. C. J., and LAVENDER, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., concurs in result.

IRWIN, C. J., and HODGES, J., dissent.

---

**4.** See footnote 1, 32 Oklahoma Law Review at pp. 19–20.

**5.** Section 832(A).