Leslie Paul BODE, Plaintiff,

v.

CLARK EQUIPMENT CO., a corporation and The United States of America, Defendant.

No. 65,409.

Supreme Court of Oklahoma.

May 20, 1986.

**FEDERAL CERTIFIED QUESTION**

KAUGER, Justice.

The United States District Court for the Western District of the State of Oklahoma has certified the following question:

Whether a party plaintiff-tortfeasor who has been found to be nine percent (9%) negligent may recover against a party defendant found to have been one percent (1%) negligent.

The Supreme Court has answered the question as follows:

The negligence of the employer must be considered in determining comparative fault even if the employer is immune from common law tort liability because of the exclusive remedy provided by the

Oklahoma Workers' Compensation Law; therefore, the plaintiff is entitled to collect 1% of his damages from the United States of America.

On May 16, 1982, Leslie Paul Bode was using a forklift to stack bundles of unassembled cardboard boxes. One of the bundles of boxes struck a ceiling beam and slid backwards striking Bode in the head and neck causing permanent quadraplegia. The forklift was manufactured in 1943 by Clark Equipment Co. without an overhead guard, and was sold to the United States Army-Air Force. Sometime after the purchase the Army installed an overhead guard but the guard was removed in the 1960's and the forklift was sold to Bode's employer, P.T. Coupling Co. (Coupling Co.), on an "as is, where is" basis. Although Coupling Co. installed an overhead guard on one of the forklifts it purchased from the Army, it did not replace the safety device on the machinery operated by Bode; and, before the forklift was placed in service, Coupling Co. modified the forklift by removing the mast rails. In 1981, Coupling Co. was notified by its insurer that the absence of an overhead guard on the forklift constituted a significant safety hazard endangering the operator. Apparently Bode's employer was also aware that the absence of the overhead guard violated O.S.H.A. regulations enacted in 1972, but it failed to make the suggested modifications.

As a result of the accident, Bode was awarded permanent partial disability by the Oklahoma Workers' Compensation Court. Subsequently, he initiated an action in federal district court, and the cause was submitted to an advisory jury which rendered a verdict of $4,404,000.00. After determining that the proximate causes of the accident were: alteration of the mast rails; misuse of the forklift, and the absence of an overhead guard, the trial court adopted the jury's apportionment of comparative negligence:

| | |
|---|---:|
| Plaintiff | 9% |
| Defendant, United States | 1% |
| Plaintiff's employer (non-party) | 90% |
| Clark Equipment Co. (non-party) | 0% |
| | 100% |

Bode contended that he was entitled to recover $44,040.00, i.e., 1% of the damages, from the United States of America. The trial court certified the question of whether a party plaintiff who has been found to be 9% negligent may recover from a party defendant found to have been only 1% negligent to this Court. We find that extant statutory authority and case law require that the question be answered in the affirmative.

### I

### A PARTY PLAINTIFF WHO HAS BEEN FOUND TO BE 9% NEGLIGENT MAY RECOVER AGAINST A PARTY DEFENDANT FOUND TO HAVE BEEN 1% NEGLIGENT BECAUSE THE PLAINTIFF'S PERCENTAGE OF NEGLIGENCE MUST BE COMPARED WITH THE COMBINED NEGLIGENCE OF ALL THE DEFENDANTS

In 1978, this Court in *Laubach v. Morgan*, 588 P.2d 1071, 1073, 1077 (Okla.1978) interpreted the comparative negligence statutes then in effect, 23 O.S.Supp.1973 §§ 11, 12,[1] and determined that under Oklahoma law a plaintiff could recover damages from one of two co-defendants whose personal negligence was less than that of the plaintiff. In *Laubach*, the jury found that the plaintiff's injuries were caused by the negligence of all three of the parties in-

---

1. Title 23 O.S.Supp.1973 § 11 stated:
   "Contributory negligence shall not bar recovery of damages for any injury, property damage or death where the negligence of the person injured or killed is of lesser degree than the negligence of any person, firm, or corporation causing such damage.
   In all actions hereafter accruing for negligence resulting in personal injuries or wrongful death or injury to property, contributory negligence shall not prevent a recovery where any negligence of the person so injured, damaged, or killed is of lesser degree than any negligence of the person, firm, or corporation causing such damage; provided that where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such contributory negligence."

volved in the accident, i.e. the plaintiff and both defendants, awarded $4,000.00 damages, and assessed the fault as follows:

| | |
|---|---|
| Plaintiff's negligence . . . . . . . . . . . . . . . | 30% |
| Defendant Martin's negligence . . . . . . | 50% |
| Defendant Morgan's negligence . . . . . | 20% |
| Total | 100% |

The trial court reduced the total damages by the percentage of the damages attributable to the plaintiff's negligence and ordered each of the defendants to pay his/her proportionate share of the $2,800.00 remaining damages.

Defendant Morgan appealed, asserting that 23 O.S.Supp.1973, § 11 barred any recovery against him because his negligence was less than the plaintiff's. His argument was expressly rejected, and this Court adopted a "combined negligence" approach for cases involving the comparative negligence of multiple parties. We held that the plaintiff's percentage of negligence must be compared with the *aggregate negligence of all the defendants*, and a plaintiff who is less than 50% negligent is entitled to recovery from each negligent defendant. Nevertheless, the Court's commentary on the result recognized the need for definitive guidelines where two or more defendants are involved, while acknowledging that the very general comparative negligence statute was admittedly ambiguous in reference to situations involving multiple parties.

One year later, apparently in response to *Laubach*, the Legislature repealed 23 O.S. 1973 Supp. §§ 11, clarifying the ambiguities created by the comparative negligence statute and codifying the *Laubach* decision. Once again, 23 O.S.Supp.1979 §§ 13, 14[2] abolished contributory negligence as an absolute defense and provided that an injured person may recover for injuries from any person, firm or corporation causing such injuries, unless the negligence of a person so injured is greater than the negligence of any person, firm or corporation causing the damage.

However, the new statute contained an additional clause, apparently aimed at clarifying the problems posed by multiple party litigation. The statutory addition recognized that in such cases the plaintiff may recover against each person, firm or corporation causing injury, unless the negligence, if any, of a person so injured is greater than the *combined negligence* of any persons, firm or corporations causing the injury.[3] This language expressly incorporates the "combined negligence" theory adopted by this court in *Laubach* and denotes Legislative approval of the *Laubach* rationale.

## II

**THE NEGLIGENCE OF THE EMPLOYER MUST BE CONSIDERED IN DETERMINING COMPARATIVE FAULT EVEN IF THE EMPLOYER IS IMMUNE FROM COMMON LAW TORT LIABILITY BECAUSE OF THE EXCLUSIVE REMEDY PROVIDED BY THE OKLAHOMA WORKERS' COMPENSATION LAW**

While it would be possible to answer the question posed on the grounds previously

---

Title 23 O.S.Supp.1973 § 12, codified in 1981 as 23 O.S.1981, § 12 provides:
"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times be left to the jury, unless a jury is waived by the parties."

**2.** Title 23 O.S.Supp.1979, § 13 codified in 1981 as 23 O.S.1981 § 13, provides:
"In all actions hereafter brought, whether arising before or after the effective date of this act, for negligence resulting in personal injuries or wrongful death, or injury to property, contributory negligence shall not bar a recovery, unless any negligence of the person so injured, damaged or killed, is of greater degree than any negligence of the person, firm or corporation causing such damage, or unless any negligence of the person so injured, damaged or killed, is of greater degree than the combined negligence of any persons, firms or corporations causing such damage".

Title 23 O.S.Supp.1979, § 14, codified as 23 O.S. 1981, § 14 in 1981 provides:
"Where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such person's contributory negligence."

**3.** See note 2, supra.

discussed, it is necessary to address the effect of naming *only* the United States as a party-defendant. Actually, the dispositive issue is whether a plaintiff may combine the degree of negligence of the United States with the proportion of fault assessed against his employer, a "phantom tortfeasor", in order to justify recovery. In responding to this issue, we must examine the precise language of the comparative negligence statute. Title 23 O.S.1981 § 13 limits recovery only if the plaintiff's degree of negligence exceeds the *combined* negligence of *any* persons, firms or corporations causing the damage. The statute does not provide that the plaintiff's negligence must be less than all parties, or of each person, firm or corporation joined as defendants in the suit. To read such a requirement into the statute[4] would require us to distort its plain language.

On the other hand, we can find substantial authority to support the conclusion that the negligence of non-parties, or "ghost tortfeasors", should be considered in assessing proportionate fault in comparative negligence cases. In *Paul v. N.L. Industries, Inc.,* 624 P.2d 68, 70 (Okla.1980), and in *Gaither v. City of Tulsa,* 664 P.2d 1026, 1029 (Okla.1983), this Court held that the negligence of tortfeasors who are not parties to the lawsuit should be considered by the jury in order properly to apportion the negligence of the parties.

Oklahoma is not alone in this view; in fact, the Kansas courts have even taken this proposition one step further. In *Anderson v. National Carriers, Inc.,* 10 Kan. App.2d 203, 695 P.2d 1293, 1298 (1985) a subcontractor joined his principal, the injured party's employer, as a "phantom" party to the suit in order to have the employer's percentage of liability assessed by the jury. The plaintiff appealed and the court ruled that even though the employer was immune from negligence liability because of the Workers' Compensation statutes, it was a necessary party for the purpose of considering and allocating proportionate fault.

■ The cornerstone of comparative negligence is founded on attaching liability in direct proportion to the fault of *each entity* whose negligence caused the damage.[5] With this principle in mind, and taking into consideration our decisions in *Laubach, Paul* and *Gaither,* as well as the express language of 23 O.S.1981 § 13, we reach the unavoidable conclusion that the negligence of a party defendant must be combined with the percentage of negligence attributable to non-party tortfeasors in order to determine if the degree of fault charged to the plaintiff is greater than that owing to all persons, firms or corporations causing such damage.

■ Here, the plaintiff was found 9% responsible for his own injuries, but other persons were adjudged 91% responsible. Under the comparative negligence statute, the plaintiff is entitled to recover from each tortfeasor that portion of his damages attributable to each of those other persons, firms or corporations. The law is clear in Oklahoma that if a defendant's actions contributed to cause the injury, the defendant is liable even though his/her act or negligence *alone* might not have been a sufficient cause.[6]

■ We, therefore, hold that a party plaintiff-tortfeasor who has been found to be nine percent (9%) negligent *may* recover against a party defendant found to have been 1% negligent *if* the combined negligence of that party defendant and any other persons, firms or corporations is not less

---

4. The word "person", except when used by way of contrast, includes not only human beings, but bodies politic or corporate, pursuant to 25 O.S. 1981 § 16, and would include the United States of America.

5. *Gaither v. City of Tulsa,* 664 P.2d 1026, 1031 (Okla.1983) *citing, Laubach v. Morgan,* 588 P.2d 1071, 1075 (Okla.1978).

6. *State v. Ryan,* 591 P.2d 1187, 1189 (Okla.App. 1978); *citing, Oklahoma Ry v. Ivery,* 201 Okla. 245, 204 P.2d 978, 981 (1948); *Northup v. Eakes,* 72 Okla. 66, 178 P. 266, 268 (1918).

than the degree of fault assessed against the party plaintiff.

**QUESTION ANSWERED**

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, LAVENDER, OPALA, WILSON and SUMMERS, JJ., concur.

HARGRAVE, J., disqualified.