2002 OK CIV APP 79

**AMERICAN AGENCY SYSTEMS, INC., Plaintiff/Appellant,**

v.

**Shirley Ann MARCELENO, Defendant/Appellee.**

No. 94,247.

Court of Civil Appeals of Oklahoma, Division No. 4.

July 23, 2002.

---

Michael D. Denton, Jr., Denton & Arledge, Mustang, OK, For Plaintiff/Appellant.

Thomas G. Ferguson, Jr., Walker, Ferguson & Ferguson, Oklahoma City, OK, For Defendant/Appellee.

Opinion by RONALD J. STUBBLEFIELD, Judge:

¶ 1 This is an appeal by a workers' compensation insurance carrier from the Trial Court's order granting summary judgment to a third-party tortfeasor in carrier's action seeking to recover workers' compensation benefits paid to an injured worker. The appeal has been assigned to the accelerated docket pursuant to Okla. Sup.Ct. R. 1.36, 12 O.S.2001, ch. 15, app. 1. Based on our review of the record on appeal and applicable law, we reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Angela Bales was an employee of Sinor Emergency Medical Services, Inc. (Employer or Employer Sinor). On September 6, 1997, while a passenger in Employer's ambulance, which was being driven by fellow employee, Patrick Williams, Bales was injured when the ambulance, responding to a call with siren and emergency lights on, collided with a vehicle driven by Shirley Ann Marceleno (Marceleno).

¶ 3 Bales sought workers' compensation benefits for her injury. She received benefits in the amount of $4,737.19, from Employer's workers' compensation insurance carrier, Clarendon National Insurance Company (Clarendon).[1]

¶ 4 On July 31, 1998, Marceleno filed a negligence action against Employer Sinor, seeking damages for injuries sustained in the accident under the theory of respondeat superior. She alleged in her petition that "the sole cause of the collision" was the negligence of Employer due to employee Williams' failure to "slow down as necessary for the safe operation of an emergency vehicle before proceeding through a red light in violation of 47 O.S. § 11–106(b)(2)," and failure to "drive an emergency vehicle with due regard for the safety of others."

¶ 5 Marceleno's negligence action against Employer was tried to a jury. On March 26, 1999, the jury returned its verdict finding Employer 80% negligent and assessing Marceleno's contributory negligence at 20%. Judgment on jury verdict was entered in favor of Marceleno on June 9, 1999.

¶ 6 On April 19, 1999, a small claims action was filed against Marceleno by American Agency Systems, Inc. (AASI), which is the third-party administrator for insurer, Clarendon. AASI investigates, adjusts and litigates workers' compensation cases on behalf of the insurance carrier, and also pursues subrogation claims on the carrier's behalf. AASI's cause was transferred out of the small claims division and assigned to the same district court judge that presided over the Marceleno action. In its amended petition, AASI, pursuant to 85 O.S.2001 § 44,[2] sought to recover from Marceleno the total amount of compensation benefits paid to Bales. In her answer, Marceleno claimed that because the accident resulted from the greater negligence of Employer Sinor, through its employee Williams, neither Employer nor its carrier were entitled to recover from her.

---

1. The record does not establish the date on which payment was made.

2. All references to section 44 are to the current version of the statute, because it has not changed since 1986.

¶ 7 Both Marceleno and AASI filed summary judgment motions, each claiming entitlement to judgment as a matter of law. Marceleno argued that, due to the nature of a subrogation action, AASI stepped "into the position of the party for whom benefits are paid." According to Marceleno, that party was Employer Sinor, the party required to pay workers' compensation benefits. And, because Employer's percentage of fault had been adjudicated to be greater than 50%—a finding not subject to relitigation due to application of the doctrine of estoppel by judgment—AASI, "as subrogee of Sinor," was barred from seeking any recovery under comparative negligence law as set forth in 23 O.S.2001 § 13.[3]

¶ 8 In its summary judgment motion, AASI asserted that, under the provisions of 85 O.S.2001 § 44(a), it stepped into the shoes of the *injured employee*, Bales, when she elected to take workers' compensation benefits. AASI claimed that Bales had been determined to be without fault in the accident, and that there was no legal authority for Marceleno's attempt to impute the negligence of the driver/co-worker to Bales. AASI further claimed that its right to recover was co-extensive with any rights that Bales—as a fault-free plaintiff under Oklahoma tort law—might have had against Marceleno. Therefore, according to AASI, it was entitled to recover from Marceleno the full amount of workers' compensation benefits paid to Bales.

¶ 9 In her response to AASI's motion for summary judgment, Marceleno claimed that, even if the law allowed AASI to recover despite the negligence of her co-employee, the issue of Bales' own degree of fault in causing or contributing to the accident was a material fact that still remained in dispute. Marceleno also claimed that, at best, AASI was entitled to recover only 20% of the benefit moneys paid to Bales.

¶ 10 Following a hearing, the Trial Court, without going into detail in its order, denied the motion of AASI and granted summary judgment in favor of Marceleno, in effect dismissing AASI's action against her. AASI appeals.

## STANDARD OF REVIEW

¶ 11 This Court reviews a summary judgment *de novo*, because the ultimate decision turns on purely legal determinations, i.e., whether a party is entitled to judgment as a matter of law because no material disputed factual issues exist. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. The *de novo* review is a plenary, independent and non-deferential re-examination of the Trial Court's ruling. *Manley v. Brown*, 1999 OK 79, ¶ 22, n. 30, 989 P.2d 448, 455.

## DISCUSSION

I. AASI's Subrogation Action Is Governed By The Terms Of 85 O.S.2001 § 44(c)

¶ 12 The Workers' Compensation Act was enacted for the benefit of workers injured in the course and scope of covered employment, providing compensation for injuries without regard to negligence. *Prettyman v. Halliburton Co.*, 1992 OK 63, ¶ 7, 841 P.2d 573, 576. Liability under the Act requires only a showing that an accidental injury occurred, and all common law defenses are taken away from the employer and its insurance carrier. The Act provides the exclusive liability of an employer for job-related injuries sustained by a worker, and an action under the Act is the injured worker's exclusive remedy against an insured employer or its employees.[4] However, the Act does not abrogate, modify or affect in any way a work-

---

**3.** The statute provides that contributory negligence shall not bar recovery of a person injured, damaged or killed unless the negligence of that person "is of greater degree than any negligence of the person, firm or corporation causing such damage, or unless any negligence of the person so injured, damaged or killed, is of greater degree than the combined negligence of any persons, firms or corporations causing such damage."

**4.** Title 85 O.S.2001 § 12, provides that the employer's liability under the Act "shall be exclusive and in place of all other liability of the employer and any of his employees ... at common law or otherwise, for such injury ... to the employee...."

er's common law right to exact payment for her injuries from a negligent party, not in the same employ, who causes the injuries. *Prettyman* at ¶ 7, 841 P.2d at 577; *Travelers Ins. Co. v. Leedy*, 1969 OK 34, ¶ 5, 450 P.2d 898, 900; *Parkhill Truck Co. v. Wilson*, 1942 OK 168, ¶ 0, 125 P.2d 203 (Syllabus 1).

¶ 13 What the Act does, through section 44, is provide the injured worker with these options: (1) The worker may proceed at common law and seek recovery from the third party in district court; or (2) The worker may elect to seek compensation under the Act from her employer in the Workers' Compensation Court. The dual purpose of the provisions of section 44, since originally enacted in 1915, is protection of the rights of employers and their insurance carriers to be fully subrogated to the claims of injured workers against third-party tortfeasors to the extent of compensation benefits paid, and to guard against workers receiving double recovery. *Prettyman* at ¶¶ 6–7, 841 P.2d at 576–77.

¶ 14 In its brief below, AASI asserted that its right to recover from Marceleno was governed by 85 O.S.2001 § 44(a). Section 44(a) provides the procedure for a worker to follow when pursuing a common law remedy and, where the worker effects a recovery against the third party, for recoupment from recovery proceeds by employer/insurance carrier of benefits paid, and for apportionment between worker and employer/insurance carrier of the expenses of effecting the recovery. But AASI was mistaken in the assertion of the applicability of section 44(a). As explained by the Oklahoma Supreme Court in *ACCOSIF v. American States Insurance Company*, 2000 OK 21, ¶ 7, n. 13–15, 1 P.3d 987, 992, AASI's action is actually governed by the provisions of 85 O.S.2001 § 44(c).[5] The Court in ACCOSIF stated it is section 44(c) which provides "the statutory underpinnings for a workers' compensation carrier's subrogation claim," *id.* at ¶ 7, n. 15, 1 P.3d at 992, and controls in instances where the workers' compensation insurance carrier presses its claim directly against the third-

party tortfeasor without prior district court suit by the injured worker. *Id.* at ¶ 7, 1 P.3d at 992. Section 44(c) provides:

> The employer or his insurance carrier shall have the right of subrogation to recover money paid by the employer or his insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons, *with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act.* (Emphasis added.)

¶ 15 As we have noted previously, section 44 was not intended to abrogate the worker's common law rights against a negligent third party. Nor was section 44 intended to abrogate or modify rights of the insurance carrier that has paid a worker benefits under its contractual obligation. *Prettyman* at ¶ 8, 841 P.2d at 577. Independent of workers' compensation law, the insurer is subrogated to the claim of the *injured worker* as against the third party, and has the right to maintain an action against the third-party tortfeasor in its own name. *Prettyman* at ¶ 8, 841 P.2d at 578; *Stinchcomb v. Dodson*, 1942 OK 141, ¶ 7, 126 P.2d 257, 259–60. In effect, section 44 protects this right.

II. As Subrogee, AASI Steps Into The Shoes Of The Injured Worker, Bales

¶ 16 Marceleno also made incorrect assertions below. She was mistaken regarding the rights of AASI in its claim obtained through statutory subrogation. Contrary to her assertions, the rights obtained by AASI are neither based on privity with Employer Sinor, nor derivative of Employer's rights. As subrogee, AASI stepped into the shoes of the injured worker, Bales, subject to defenses which Marceleno may have had against her. *Stinchcomb* at ¶ 7, 126 P.2d at 259–60. *See also ACCOSIF*, 2000 OK 21 at ¶ 7 n. 13, 1 P.3d at 992; *Employers Mut. Cas. Co. v.*

---

5. Subsection (c) was added by amendment to section 44 in 1986. *See* Okla. Sess. Laws 1986, ch. 222, § 18, eff. Nov. 1, 1986.

*Mosby,* 1997 OK 93, ¶¶ 7–9, 943 P.2d 593, 594–95 (insurer's subrogation claim is governed by the two-year statute of limitations applicable to the tort claim of the injured party).

### III. Statutory Comparative Negligence Is Not Applicable—Common Law Negligence Principles Control AASI's Subrogation Claim

¶ 17 Coordination of workers' compensation law and tort law and apportionment of liability in the case of third-party negligence have been recognized as presenting a "difficult, intractable question about how to coordinate the equitable apportionment principles of tort law with the special no-fault arrangement of workers' compensation." *Restatement (Third) Of Torts: Apportionment of Liability* § C20 reporters' note and cmts. a-e (2000). The interaction between this body of law and statutory tort law provisions in third-party actions involving instances of the employee's negligence or the employer's concurring negligence breeds "troublesome questions" and the results do not always seem just. 7 *Larson's Workers' Compensation Law* § 120.02[1]; *see also* §§ 120.02[2] through [4] (2001), and cases discussed and cited therein.

¶ 18 Since section 44 was first enacted in 1915, Oklahoma has departed from the common law concept of contributory negligence and adopted a modified form of joint and several liability. Defendants are severally liable *if the plaintiff is assigned any degree of comparative responsibility,* and a negligent plaintiff may only recover from each tortfeasor that tortfeasor's proportionate share of responsibility based on degree of fault. *Nat'l Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.,* 1989 OK 157, ¶ 14, 784 P.2d 52, 56; *see also* 23 O.S.2001 §§ 13, 14.

¶ 19 However, where the injured party is not negligent but a "pure and blameless plaintiff," *Berry v. Empire Indemnity Insurance Company,* 1981 OK 106, ¶ 14, 634 P.2d 718, 720, the statutory comparative negligence approach has no application. *Id.* at ¶¶ 6–7, 634 P.2d at 719, quoting *Boyles v. Okla. Natural Gas Co.,* 1980 OK 163, ¶ 9, 619 P.2d 613, 616. In the situation of a fault-free plaintiff, "joint and several liability with the right … of the plaintiff to recover all of his damages from any tortfeasor regardless of the degree of negligence that party contributed to the plaintiff's damages, continues to be the law." *Nat'l Union* at ¶ 14, 784 P.2d at 56.

¶ 20 Subsection 44(c) (emphasis added), preserving in the subrogee "*all common law rights [of the injured worker] against other than the employer and his employees,*" was added to the Act after the Oklahoma Legislature's enactment of statutes adopting the concept of comparative negligence in 1973,[6] and allowing for contribution among tortfeasors in 1978. *See* 12 O.S.2001 § 832. We do not consider this to be an act without significance. Had the Legislature intended for the statutory comparative negligence approach to apply to a workers' compensation insurance carrier's subrogation claim, it would not have deemed it necessary to add subsection 44(c) in 1986. In our view, the effect of the addition of subsection 44(c) is to require application of common law negligence concepts to a workers' compensation insurance carrier's subrogation claim.

### IV. Application Of Common Law Negligence To AASI's Subrogation Claim

¶ 21 "The common law negligence liability concept may be described as 'all or nothing' to the plaintiff. If he be blame-free 'all' is due him; if he be at fault, however

---

**6.** The concept of comparative negligence was first adopted through enactment of 23 O.S. Supp. 1973 § 11, which provided that contributory negligence of the injured party shall not be a complete bar to the recovery of damages, where her negligence was of lesser degree than any negligence of the person, firm or corporation causing the damage. The section was repealed in 1979, when other statutory provisions were enacted to provide that the injured party's right to recovery was not barred unless her negligence was of greater degree than the defendant or, in the case of multiple defendants, of greater degree than the combined negligence of the defendants, but that her damages would be diminished in proportion to her degree of fault. *See* 23 O.S. 2001 §§ 13, 14.

slightly, 'nothing' is his due." *Boyles* at ¶ 9, 619 P.2d at 616. Long before the addition of subsection 44(c) in 1986, the Oklahoma Supreme Court had stated that section 44 of the Workers' Compensation Act was not intended to benefit or protect a negligent third party, but neither did it purport to increase or decrease the third party's liability under the common law for negligence. *Parkhill Truck Co. v. Wilson,* 1942 OK 168, ¶ 15, 125 P.2d 203, 206. The case of *Baker v. Traders & General Insurance Company,* 199 F.2d 289 (10th Cir.1952), is illustrative of an insurer's subrogation rights in the instance of a fault-free injured party and concurring negligence of the employer and a third party.

¶ 22 In *Baker,* a worker, L.R. Butler, was injured while riding in a company truck driven by co-worker, Anvil O'Bryant, which collided with a truck driven by a third party, R.B. Baker. Butler received benefits under the Workers' Compensation Act. The employer's insurer, Traders & General, then filed an action against Baker, seeking to recover the amount of benefits paid to Butler. The trial court determined that both drivers, Baker and O'Bryant, were negligent and their concurring negligence was the proximate cause of Butler's injuries, *but Butler was not guilty of any contributory negligence.* The trial court concluded that the insurance carrier was subrogated to the rights of Butler against Baker, to the extent of workers' compensation benefits paid, and was entitled to judgment against him.

¶ 23 Baker appealed, challenging the trial court's refusal to allow him to plead contributory negligence on the part of Butler's employer, acting by and through Butler's co-worker, O'Bryant. Baker asserted that the insurer's rights were by way of subrogation to the rights of the employer, and that if the employer had paid the benefits and sued Baker, contributory negligence, based on O'Bryant's operation of the truck, would have been a defense. The federal appellate court disagreed and, in affirming the trial court's judgment against Baker stated:

> Whatever other rights an insurance carrier in Oklahoma may have by way of subrogation or otherwise under circumstances like those presented here, it is subrogated to the claim of the injured workman against an outside tortfeasor whose negligence was responsible for the injuries suffered by the workman and may maintain an action against the tortfeasor.... This insurance carrier paid the award to the injured workman and asserted its right of subrogation under him. If Butler had sued Baker, contributory negligence on the part of [employer] would not have been a defense. And since the insurance carrier stepped into the shoes of Butler in respect to the claim against Baker, contributory negligence of the employer pleaded in the answer was no defense to the cause of action alleged in the complaint.

*Baker,* 199 F.2d at 291 (citations omitted).

¶ 24 Although the case does not involve determination of a workers' compensation insurance carrier's subrogation rights, *Berry v. Empire Indemnity Insurance Company,* 1981 OK 106, 634·P.2d 718, provides direct guidance for situations in which the injured worker is " 'not one among several negligent co-actors.' " *Id.* at ¶ 6, 634 P.2d at 719 (quoting *Boyles v. Okla. Natural Gas Co.,* 1980 OK 163, ¶ 10, 619 P.2d 613, 616). The plaintiff in *Berry* was an injured worker riding as a passenger in a city-owned garbage truck driven by his co-employee. They were involved in a traffic accident with a vehicle driven by a third party. The injured worker elected to sue the third party, the third party's employer and that employer's insurance company. The insurance company impleaded the plaintiff's co-worker and the city, even though the plaintiff's cause of action against his fellow employee and his employer was barred by section 44. The jury found plaintiff's co-employee was 70% negligent and the third-party driver only 30% negligent. The trial court applied several liability concepts and reduced the plaintiff's damage award by 70%. The plaintiff appealed.

¶ 25 The Oklahoma Supreme Court in *Berry* determined that the third party, as a joint tortfeasor, was responsible for all injuries derived from his negligence as found by the jury. *Id.* at ¶ 7, 634 P.2d at 719. The Court reversed the lower court's judgment and held that, because plaintiff was fault free, he was entitled to collect his entire judgment from

the third-party driver, even though that party had been adjudicated only 30% at fault. *Id.* at ¶ 14, 634 P.2d at 720.

¶ 26 What *Baker* and *Berry* teach is that, in the situation of a fault-free injured worker, a workers' compensation insurer's subrogation claim is not limited or subject to apportionment on the basis of comparative fault between the third party and the injured worker's fellow employee or employer, where they are joint tortfeasors. If the worker's injury is caused, at least in part, by a third-party tortfeasor, the insurer may recover from that third party any and all benefits it paid to the employee pursuant to section 44(c).

¶ 27 However, application of common law negligence principles [7] dictates that, if the injured employee's right to recover in tort is barred by his/her contributory negligence, the insurance carrier's subrogation claim is also barred. 7 *Larson's Workers' Compensation Law* at § 120.02[2] (in jurisdictions following the contributory negligence rule, by extension the employee's contributory negligence is a defense in a subrogation action). Thus, we conclude that, if Bales could not have recovered at common law in a suit against Marceleno, then section 44(c) does not provide AASI with a right to recover from her either. In other words, AASI has no subrogation claim against Marceleno if any degree of fault for the accident may be attributed to Bales.[8]

## V. Application Of Issue Preclusion

¶ 28 In her negligence action against Employer Sinor, Marceleno's degree of fault for the accident was determined to be 20%. The jury determined Employer's degree of fault to be 80%, but it is not clear from the record assembled for this appeal whether this determination was based entirely on Employer's vicarious liability for negligence of employee Williams (as alleged in Marceleno's petition against Employer Sinor) or included some independent negligence on Employer's part. Also unclear is the critical issue of whether any negligence of Bales was considered or included in the total amount of fault assigned to Employer Sinor.

¶ 29 In its motion for summary judgment filed below, AASI set forth, as an alleged undisputed fact, the absence of any negligence on the part of Bales, while Marceleno claimed the issue of Bales' negligence remained undetermined. On the basis of the record before us, we must agree with Marceleno.

¶ 30 Although the appellate record contains the petition and judgment from Marceleno's action against Employer Sinor, those documents make no reference whatsoever to Bales. Thus, we are prevented from ascertaining her degree of fault, if any, that might have been included in the total degree of fault, whether imposed vicariously or otherwise, which the jury in the prior action assigned to Employer Sinor.

¶ 31 Without the benefit of the transcript of the trial in the previous negligence action, we simply do not know whether the evidence presented at that trial would support a finding of any degree of fault attributable to Bales based on *her own* acts and/or omissions that may have been a contributing factor to the accident and her resultant injury,[9] or *whether the issue was even tendered.*

---

7. These principles are applicable because section 44(c) specifically reserves all common law rights.

8. We reiterate that we are dealing with an insurer's claim under section 44(c), brought directly against a third-party tortfeasor, where the injured employee has not pursued her remedy against that party. If a *tort action* had been brought against Marceleno by *Bales*, the negligence of Employer Sinor, despite immunity, would be considered in determining comparative fault. In such an action, Marceleno could claim responsibility on the part of Employer and assert "ghost-tortfeasor" liability. *See Bode v. Clark Equip. Co.*, 1986 OK 21, ¶¶ 9–10, 719 P.2d 824,

826–27. However, the exclusive liability under the Act would bar Marceleno from pursuing any claim for contribution against Employer, based on allegations that Bales' injuries were caused by Employer Sinor's negligence as a joint or concurrent tortfeasor. *See Harter Concrete Prods., Inc. v. Harris*, 1979 OK 38, 592 P.2d 526.

9. For example, a passenger has the duty to exercise ordinary care for her own safety, and this may require her to remonstrate with the driver against the manner of the vehicle's operation or warn the driver of approaching danger. *See Bradshaw v. Fields*, 1977 OK 240, 572 P.2d 552; *Matchen v. McGahey*, 1969 OK 48, 455 P.2d 52.

Thus, due to the absence of evidentiary material in the present record, we cannot agree with AASI's contention that the earlier case settled the issue of Bales' fault.

¶ 32 Under the doctrine of issue preclusion, Marceleno's degree of fault for the accident stands determined at 20%. *See Nealis v. Baird*, 1999 OK 98, ¶ 51, 996 P.2d 438, 457–58. But it certainly does not appear that the earlier case settled the issue of Bales' negligence. What remains to be determined is Bales' percentage of fault, if any, which may be included in Employer's 80% fault assessment.

## CONCLUSION

¶ 33 The record before us leaves us uninformed as to the degree of fault that may be attributed to Bales. Without that information, we are unable to determine whether the Trial Court erred in finding Marceleno was entitled to judgment as a matter of law. If Bales is fault free, AASI steps into her shoes, and may recover from Marceleno the entire amount of benefits it paid, despite the negligence of Employer. If Bales is not fault free, AASI's subrogation claim is barred under common law principles of contributory negligence, which must be applied to its claim as mandated by section 44(c).

¶ 34 In view of the foregoing rationale, the order of the Trial Court granting summary judgment in favor of Marceleno is reversed. The cause is remanded for further proceedings consistent with the pronouncements herein.

¶ 35 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

TAYLOR, P.J., concurs, and REIF, C.J., concurs in part and dissents in part.

REIF, C.J., concurring in part and dissenting in part:

¶ 1 This appeal concerns the extent to which a workers' compensation carrier can recover benefits it paid for a job-related injury from a third party with some fault in causing the injury. The workers' compensation carrier in this case has contended that it can recover all of the benefits from a third-party tortfeasor that was only 20% negligent in causing the job-related injury. The workers' compensation carrier herein has argued that 85 O.S.2001 § 44(c) grants workers' compensation carriers "all of the common law rights" of the injured worker, including recovery of the entire loss from a single tortfeasor.

¶ 2 As the majority opinion points out, there is some authority for such a conclusion. Based on such authority, the majority has remanded this case for the trial court to determine whether the injured worker was negligent in causing her injury and, if so, whether such negligence was less than the 20% negligence of the third-party tortfeasor. Despite an analysis that is both logical and persuasive, I nonetheless dissent from this approach for determining the recovery of the workers' compensation carrier herein. I dissent because I do not believe the interpretation by the workers' compensation carrier and the majority is the only interpretation of § 44(c) that can be given based on the language and purpose of the statute.

¶ 3 The right that is given a workers' compensation carrier under § 44(c) is the right of subrogation. In the case of *Smith v. Minter*, 1947 OK 97, ¶ 0, 191 P.2d 929, 929–30 (syllabus 2), the Oklahoma Supreme Court stated:

> The principle to be derived from the doctrine of subrogation is that it is born of equity, and results from the natural justice of placing the burden where it ought to rest. It does not flow from any fixed rule of law, but rather from principles of justice, equity, and benevolence. It is a purely equitable result, depending, like other equitable doctrines, upon the facts and circumstances of each particular case to call it forth.

Allowing a workers' compensation carrier to recover *all of the benefits* paid to an injured worker from a party who is only 20% liable for the accident that injured the worker does not fairly place the burden where it ought to rest.

¶ 4 Under the facts and circumstances of this case, and others like it, "principles of justice, equity and benevolence" dictate that the financial burden for the benefits paid an

injured worker be shared by the workers' compensation carrier (who has been paid to insure injury to workers without regard to fault by anyone) and any third party who has contributed to the injury. Having been fairly paid to cover workplace risk of injury, a workers' compensation insurer should bear the burden of any portion of risk that is not attributable to the fault of other contributing causes.

¶ 5 Section 44 has always been interpreted in a way that prevents any type of double compensation in cases where workers' compensation applies and tort recovery is also possible. If section 44(c) is interpreted in the manner suggested by the workers' compensation carrier and the majority, (*i.e.*, allowing the carrier to recover all of the benefits paid from a third party who is only partially responsible for the injury), the result is that the carrier would be compensated twice for covering the same risk—first from the employer in the form of premiums and secondly from the third party by way of full recovery. Applying the right of subrogation given by § 44(c) in its traditional equitable sense prevents such double compensation while at the same time allowing the workers' compensation carrier to recover a fair share of the benefits paid based on the proportional fault of any other party that caused the job-related injury.

¶ 6 While I concur with the majority that the summary judgment must be reversed and the case remanded to district court for further proceedings, I dissent to the directions given the trial court for determining the liability of the third-party tortfeasor. I would direct the trial court to determine the liability of the third-party tortfeasor by applying subrogation in its equitable sense and limiting the liability of third-party tortfeasor to the proportion of fault of the third party in causing the job-related injury.