2006 OK CIV APP 123

Jeremy D. WORKMAN,
Plaintiff/Appellant,

v.

ANDERSON MUSIC COMPANY,
Defendant/Appellee,

George Bolen and Allen Gillium,
Defendants.

No. 102,289.

Court of Civil Appeals of Oklahoma,
Division No. 1.

June 16, 2006.

Certiorari Denied Oct. 3, 2006.

Tom L. King, Richard M. Glasgow, Justin T. King, King Law Firm, Oklahoma City, OK, for Appellant.

Laura J. Corbin, Smith, Shew, Scrivner & Corbin, P.C., Ada, OK, for Appellee.

Opinion by LARRY JOPLIN, Judge.

¶1 Plaintiff/Appellant Jeremy D. Workman (Plaintiff) seeks review of the trial court's order denying his post-judgment motions to reconsider and for leave to amend after the trial court granted the motion for summary judgment of Defendant/Appellee Anderson Music Company (Employer). In this accelerated review proceeding, Plaintiff asserts he adequately plead, and presented evidentiary materials showing, Employer's actionable negligence in failing to maintain workers' compensation insurance coverage.

¶2 Plaintiff worked for Employer, but Employer did not maintain workers' compensation insurance coverage for Plaintiff. Employer called Plaintiff at home, and dispatched him to a customer's place of business to service one of Employer's juke boxes. En route to the customer's place of business in this private automobile, Plaintiff suffered injury when his car struck a horse on the highway, and Plaintiff incurred substantial medical bills for treatment of his injuries.

¶3 Plaintiff then commenced the instant action against Employer, Defendant Bolen (the horse owner), and Defendant Gillium (the purported owner of the property where the horse was kept) in the District Court of

Pontotoc County. As against Bolen and Gillium, Plaintiff alleged their negligence and breach of duty to keep the horse in a safe, secure place and off the roadway. As against Employer, Plaintiff alleged Employer's duty to provide workers' compensation coverage for him, an employee; Employer's failure in this respect; and, "as a result of [Employer's] failure to obtain and carry workers' compensation coverage on [him], [he] has been permanently damaged, forced to incur medical expenses and has suffered pain all related to his on the job injuries."

¶4 Plaintiff filed a motion for summary judgment on his claim against Employer, and attached evidentiary materials demonstrating the facts we have recounted. Plaintiff argued the evidentiary materials uncontrovertedly demonstrated: (1) his status as Employer's employee; (2) his injury while performing a special task at Employer's specific request, i.e., an accidental personal injury arising out of and in the course of his employment; (3) Employer's failure to maintain workers' compensation insurance for him as required by state law; and (4) statutory authorization for a common law action against Employer. 85 O.S. § 12. So, said Plaintiff, Employer was liable to him for his damages arising from his on-the-job injuries.

¶5 Employer responded, objecting to Plaintiff's motion for summary judgment, and also filed a motion for summary judgment. Employer argued that, even though § 12 permitted a common law action in district court against an employer who failed to maintain workers' compensation insurance for its employees, an employee suing in common law was nevertheless required to plead and prove that the employer's primary negligence constituted the proximate cause of the employee's injuries. *See, Ice v. Gardner,* 1938 OK 502, 183 Okla. 496, 83 P.2d 378. So, said Employer, because even Plaintiff's undisputed facts did not demonstrate any negligence or causal link between Plaintiff's personal injuries and any negligence of the Employer, judgment should be granted to it.

¶6 Upon consideration of the parties' submissions, the trial court agreed with Employ-

er, and granted judgment accordingly. Plaintiff filed a motion for reconsideration and motion for leave to amend, which the trial court denied. Plaintiff appeals,[1] and the matter stands submitted on the trial court record.[2]

¶7 There is no doubt that:

> ... If an employer has failed to secure the payment of compensation for his injured employee, as provided for in this title, an injured employee, ..., may maintain an action in the courts for damages on account of such injury, and in such action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee;....

85 O.S. § 12. However, neither can there be any doubt that:

> Where employer has failed to provide workmen's compensation insurance, and an injured employee has filed an action in a court of law under ... 85 [O.S.] § 12, the plaintiff must prove, (1) facts bringing him within the Workmen's Compensation Act, (2) that employer failed to provide said insurance, (3) the injury and damage, (4) negligence of the employer, (5) proximate cause or causal connection between the negligence and the injury.
>
> ....
>
> When a case which rightly would be triable before the State Industrial Commission is filed under this section by the plaintiff employee in a court, because of the employer's failure to provide compensation insurance, the defenses available to the employer are really not lessened, for neither may he avail himself of the defenses of assumption of risk, contributory negligence, or the fellow servant doctrine before the Industrial Commission. On the other hand, *the burden cast upon the plaintiff employee is greater* than in the Industrial Commission, *for if he tries the*

**1.** The trial court's order disposes of all claims between Plaintiff and Employer, and the order is hence final and appealable. 12 O.S. § 994A.

**2.** See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S.2001, Ch. 15, App.

case in court he must prove negligence and proximate cause. *Eagle Creek Oil Co. v. Gregston*, [1924 OK 539, 99 Okla. 181], 226 P. 339. If he carries the burden, he may possibly recover more, or less, than the amount set by the Workmen's Compensation Act, depending upon factors not material here. But in either event *it is incumbent upon him to establish primary negligence, and the injury and causal connection*, in addition to the usual proof bringing him within the provisions of the act.

*Ice*, 1938 OK 502, ¶¶ 0(3), 15, 83 P.2d at 378, 383. (Emphasis added.) As the Supreme Court held in *Eagle Creek Oil Co.*, cited in *Ice*:

Plaintiff alleged and proved a failure on the part of defendant to provide compensation for injured employès ..., and on this based his election to proceed by common-law action for damages ... [In a common-law action,] the advantage accruing to the injured employè and the disadvantage militating against the employer is the elimination of defenses under either of the three doctrines of fellow servant, contributory negligence, or assumption of risk. The character and quantum of proof necessary to establish defendant's liability for negligence and plaintiff's right to recover are in no way changed. *Plaintiff must establish the three essential elements of actionable negligence, viz.: (a) A duty owing by defendant to plaintiff; (b) a failure of defendant to perform that duty; and (c) injury resulting to plaintiff proximately from such failure. It is only in proceedings for compensation under the Workmen's Compensation Law that the injured employè is relieved from the necessity of establishing actionable negligence.*

. . . .

[The] instructions amounted to a directed verdict in favor of plaintiff, leaving only the amount of recovery to be determined by the jury. The words "negligence" or "care" are not used anywhere in any of the seven instructions to the jury. Defendant's duty was nowhere defined. Plaintiff's right to recover was nowhere made to depend on a breach of that duty by defendant.... In law actions for damages Comp. Stat.1921, § 7286 [now, 85 O.S.

§ 12], applies, and precludes the usual defenses in actions for negligent injury. This is one of the penalties imposed upon employers for failure to provide compensation, *but in law actions for damages plaintiff must allege and prove actionable negligence.*

1924 OK 539, ¶¶ 2, 6, 226 P. at 340–341. (Emphasis added.) (Citations omitted.)

¶ 8 It is consequently clear an employer does not bear strict liability in a common law action permitted by § 12, and it is *not* the employer's failure to maintain workers' compensation insurance coverage for its employee(s) on which the employer's common law liability is premised. In order to prevail on a common law claim, the employee must plead and prove both employer's *negligence* and a *causal connection between* the employer's *negligence* and the employee's *accidental personal injuries.*

¶ 9 Plaintiff nevertheless argues that, while prior law required pleading and proof of the employer's negligence, "it is clear that Oklahoma law no longer requires a showing of negligence on the part of the employer," citing *American Agency Systems, Inc. v. Marceleno*, 2002 OK CIV APP 79, 53 P.3d 929, and *Updike Advertising System v. State Industrial Com'n*, 1955 OK 19, 282 P.2d 759. Ultimately, says Plaintiff, "the workers' compensation statutes, enacted for the benefit of workers, require the employer or insurance carrier to compensate the worker for job-related injury without regard to negligence," citing *Nicholas v. Morgan*, 2002 OK 88, 58 P.3d 775, and *Parkhill Truck Co. v. Wilson*, 1942 OK 168, 190 Okla. 473, 125 P.2d 203.

¶ 10 However, the cited cases are distinguishable and do not pronounce the law applicable in this action. *Nicholas, American Agency Systems, Inc.*, and *Parkhill* all involved the rights of employers or their insurers' insurer to recover for workers' compensation benefits paid from an alleged third-party tortfeasor under the subrogation provisions of 85 O.S. § 44, and the application of negligence principles in the subrogation action. *Nicholas*, 2002 OK 88, ¶¶ 12–17, 58 P.3d at 780–782; *American Agency Systems, Inc.*, 2002 OK CIV APP 79, ¶¶ 21–27, 53 P.3d at 935–937; *Parkhill*, 1942 OK 168, ¶¶ 10–13,

125 P.2d at 206–208. In *Updike Advertising System*, the injured claimant/employee pursued his employer in the Workers' Compensation Court, an action in which employer's negligence is irrelevant to recovery. 1955 OK 19, ¶ 9, 282 P.2d at 762–763.

¶ 11 We have reviewed the record. In the present case, the evidentiary materials do not show that Employer was in any way negligent in dispatching Plaintiff, an employee, to attend to the needs of one of its customers, or that any other negligent act or omission of Employer caused the personal injuries Plaintiff sustained when his vehicle collided with the horse. Under these circumstances, we hold the trial court did not err in granting judgment to Employer.

¶ 12 Plaintiff lastly complains the trial court erred in denying reconsideration, thereby denying permission to amend the pleadings to add the necessary averments of Employer's negligence. Here, Plaintiff asserts Oklahoma law charged the trial court with the mandatory duty to permit the amendment. See, 12 O.S.2012(G); *Kelly v. Abbott*, 1989 OK 124, 781 P.2d 1188.

¶ 13 "On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied." 12 O.S. § 2012(G). "Because the statute provides that the trial court 'shall' grant leave to amend if the defect can be remedied, the duty is mandatory." *Kelly*, 1989 OK 124, ¶ 6, 781 P.2d at 1190. But, where the proposed amendment will not remedy the defect, the law imposes no mandatory duty on the trial court to allow the amendment. *Gallagher v. Enid Regional Hosp.*, 1995 OK 137, ¶ 14, 910 P.2d 984, 986. *And see, Fanning v. Brown*, 2004 OK 7, ¶ 23, 85 P.3d 841, 848.[3]

¶ 14 According to Plaintiff's motion to reconsider, the averments of negligence Plaintiff sought to add by amendment related to Employer's allegedly negligent failure to procure and maintain workers' compensation insurance coverage for him, an employee. However, as we have previously held, it is not an employer's breach of duty to procure and maintain workers' compensation insurance upon which the employer's common law

negligence liability is premised. The uncontroverted evidence demonstrated no negligence by Employer in dispatching Plaintiff to a customer's place of business which caused or contributed to the injuries Plaintiff sustained in the collision with the horse. Plaintiff's proposed amendment to add allegations of Employer's negligent failure to procure and maintain workers' compensation insurance coverage for him will not, therefore, cure the defect which served as the basis for granting summary judgment to Employer. The trial court did not err in denying permission to amend.

¶ 15 The order of the trial court is therefore AFFIRMED.

BELL, P.J., dissents, and HANSEN, J., concurs.

---

**3.** "In order for the courts to dismiss a claim for failure to state a cause of action without giving the plaintiff the opportunity to amend, it must appear that the claim does not exist rather than the claim has been defectively stated."